[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MOTION TO DISMISS #101
This case challenges the court as to whether it has personal jurisdiction over the defendant. Connecticut has personal jurisdiction over the defendant pursuant to Connecticut's long-arm statute (Connecticut General Statutes 33-411C(2) and B), and the requisite minimum contacts of due process are present.
This action arises out of the sale by defendant White Lightning Aircraft Corp. to plaintiff John M. Luders of a White Lightning Aircraft Wing Kit (Wing KIT). On March 27, 1990 plaintiff filed this complaint in three-counts against the defendant. Count One sounds in breach of contract and the express warranties thereunder. Count Two sounds in breach of implied warranty of fitness for a particular purpose. Count Three alleges violation of the Connecticut Unfair Trade Practices Act (CUTPA), Connecticut General Statutes 42-110a, et seq. Plaintiff claims: damages, interest attorney's fees, punitive and exemplary damages, costs, and such other relief as the court deems just.
On April 25, 1990 defendant filed an appearance through its counsel. Thereafter, on May 21, 1990 defendant filed a motion to dismiss pursuant to Connecticut Practice Book 143(2) on the ground that this court lacks in personam jurisdiction over the defendant. In support of its motion, defendant has filed a memorandum of law and the affidavit of Howell C. Jones, Jr., president of defendant White Lightning Aircraft Corp.
On June 20, 1990 plaintiff filed a memorandum in opposition to the motion to dismiss along with the following supporting documentation: plaintiff's affidavit, a copy of a letter from Howell C. Jones, Jr. to plaintiff, a copy of the kit description form, a copy of a letter on the defendant's stationary from Steven Whalen to plaintiff, a copy of a letter from Diane Phillips to plaintiff, a copy of defendant's newsletter "Lightning Speed," and a copy of a letter from plaintiff to Howell C. Jones, Jr.
"A motion to dismiss tests, inter alia, whether on the face of the record, the court is without jurisdiction." Upson v. State,190 Conn. 622, 624 (1983). A motion to dismiss is properly used to assert lack of jurisdiction over the person. Connecticut Practice Book 143; Standard Tallow Corp. v. Jowdy, 190 Conn. 48, 53 (1983).
Defendant argues that the court lacks personal jurisdiction over the defendant on the grounds that Connecticut's long-arm statute, Connecticut General Statutes 33-411(c) is inapplicable to the instant action and plaintiff has failed to meet the due process requirements of the United States Constitution.
"[A]nalysis of a due process challenge to personal jurisdiction is a two-step process." United States Trust Co. v. Bohart, 197 Conn. 34, CT Page 91 38 (1985). The court must first decide whether the applicable state long-arm statute authorizes the assertion of jurisdiction over the defendant. Fraser v. McGowan, 198 Conn. 243, 246 (1986). Only if personal jurisdiction has attached under state law does the court reach the constitutional question of whether due process is offended thereby. United States Trust Co., 197 Conn. at 39. "The plaintiff ordinarily bears the burden of establishing an adequate factual basis for personal jurisdiction over a defendant." Id. Due process requires that a defendant "not present within the territory of the forum . . . have certain minimum contacts with it such that the maintenance of the suit does not offend `traditional notions of fair play and substantial justice.'" International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).
"The twin touchstones of due process analysis under the minimum contacts doctrine are foreseeability and fairness." United States Trust Co. v. Bohart, 197 Conn. 34, 41. "[T]he foreseeability that is critical to due process analysis . . . is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipated being haled into court there." United States Trust Co.,197 Conn. at 41 quoting World-Wide Volkswagen Corporation v. Woodson,444 U.S. 286, 297 (1980). "The specific facts of each case necessarily determine the outcome of a minimum contacts analysis. United States Trust Co., 197 Conn. at 42. "Like any standard that requires a determination of `reasonableness', the `minimum contacts' test of International Shoe, is not susceptible of mechanical application; rather, the facts of each case must be weighed to determine whether the requisite `affiliating circumstances' are present." Standard Tallow Corporation v. Jowdy,190 Conn. 48, 52 (1983) (citation omitted). "A motion to dismiss may raise issues of fact and would, therefore, require a . . . hearing [to determine the facts]. . . . [A]ffidavits are insufficient to determine the facts, unless, like the summary judgment, they disclose that no genuine issue as to a material fact exists." Standard Tallow Corporation,190 Conn. at 56.
Connecticut General Statutes 33-411 (c) provides in pertinent part:
 Every foreign corporation shall be subject to suit in this state, by a resident of this state . . . whether or not such foreign corporation is transacting or has transacted business in this state and whether or not it is engaged exclusively in interstate or foreign commerce, on any cause of action arising as follows:
 (1) Out of any contract made in this state or to be performed in this state; or (2) out of any business solicited in this state by mail or otherwise if the corporation has repeatedly so solicited business . . .; or (3) out of the production, manufacture or distribution of goods by such corporation with the reasonable expectation that such goods are to be used or consumed in this . . .; or (4) out of tortious conduct in this state . . .
CT Page 92
 Defendant argues that Connecticut General Statutes 37-411(c)(2) is inapplicable to the instant action because this cause of action does not arise out of business solicited in this state.
In an affidavit dated May 24, 1990, defendant's president Howell C. Jones, Jr. states that "White Lighting's advertising of its products consists of placing ads in four out-of-state aeronautic magazines which on information and belief, have national circulation and which may have customers in the State of Connecticut." "[A]dvertising in publications having circulation in Connecticut for the purpose of soliciting reader response [has been] found to be sufficient to assert long-arm jurisdiction. . . ." Grogan v. Stoddard Sport Cars, Inc., 2 CTLR 578, 579 (October 30, 1990 Hennessey, J.). Defendant's solicitation in national aeronautic magazines which circulate in Connecticut is sufficient for this court to exercise personal jurisdiction over the defendant pursuant to Connecticut General Statutes 33-411(c)(2).
Defendant also argues that Connecticut General Statutes 33-411(c)(3) is applicable because that section applies to products liability suits. "This main thrust of subdivision (3) was to reach products liability actions . . . ." Buckley v. New York Post Corporation, 383 F.2d 175, 177 (1967). The main thrust of subdivision three was for products liability actions, however, the plain language of the statute does not limit it to specifically products liability actions. The wing kit was shipped to the plaintiff in Connecticut for construction here. It is reasonable to expect that the wing kit was to be used in Connecticut. Accordingly, due to defendant's solicitation and plaintiff's use, this court has personal jurisdiction of the defendant pursuant to Connecticut General Statutes 33-411(c)(2) and (3).
Because the above analysis is dispositive of whether Connecticut's long-arm statute is applicable, there is no discussion regarding defendant's other arguments,
Next, defendant argues that it does not have sufficient minimum contacts with the State of Connecticut as required by the due process clause of the United States Constitution, to come within this court's personal jurisdiction.
The record in this action which includes affidavits, exhibits and the hearing held on October 15, 1990 reveal the following facts. Defendant White Lightning Aircraft Corporation is a corporation organized and existing under the laws of South Carolina with its principal place of business in South Carolina. Defendant does not maintain any bank accounts in Connecticut and does not own any real property or have any interest in real property in Connecticut. Defendant advertises its products in four national aeronautic magazines. Defendant has sold products to only one customer in the State of Connecticut and that customer is the plaintiff. CT Page 93
Defendant's contacts with Connecticut, specifically defendant's advertising in national magazines and selling products to one customer in Connecticut, are sufficient to satisfy the minimum contacts requirements of due process. By advertising to a national market, defendant has directed his activities toward the residents of Connecticut. Defendant can reasonably be held to have foreseen that the number of people from Connecticut seeking to buy and use one of the defendant's wing kits would increase due to its advertising in national magazine. Therefore, defendant's conduct and connection with Connecticut are sufficient that defendant should have reasonably foreseen that it would be haled into court in Connecticut. Also, in advertising to a national market defendant held itself out as a national seller of its product. Because defendant was a national product seller and corresponded to the plaintiff by letter, telephone and brochure, the exercise of jurisdiction by this court is neither unfair nor unjust to the defendant. Weighing all these factors, the requisite minimum contacts are present and due process is not offended by this action.
Accordingly, defendant's motion to dismiss should be and is denied.
RYAN, J.