[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The defendant moves to dismiss the plaintiff's complaint on the ground that sovereign immunity bars the action.
On October 26, 1993, the plaintiff, The Golden Hill Paugussett Tribe of Indians, filed a two count complaint alleging that the defendants, State of Connecticut and the Attorney General of the State of Connecticut, breached a fiduciary duty owed to the plaintiff and violated the plaintiff's constitutional rights. In the first count of its complaint, the plaintiff alleges the following. Pursuant to General Statutes §§ 47-59(a) and 47-63, the plaintiff is a formally recognized Indian tribe, which presently has two State-recognized reservations in the State of Connecticut. The plaintiff originally possessed at least ten reservations sites throughout Connecticut. Pursuant to various special acts and statutory authorizations, which date back to Colonial times, the defendants have a fiduciary duty to the plaintiff. The defendants' fiduciary duty requires them to: (1) maintain reservation land and funds for the exclusive use of the plaintiff; (2) facilitate the development and preservation of the plaintiff as a self-sufficient, viable community and (3) assist the plaintiff in securing support, such as state and federal funding. The State illegally encroached upon or transferred tribal and reservation lands. In 1982, the State, working with the Federal Government, legislatively settled land claims of the Mashantucket Pequots, another Connecticut Indian tribe. In settling the land claim, the State was fulfilling its fiduciary obligation to the Mashantucket Pequots. During the Summer of 1993, the plaintiff filed numerous actions in the State Superior Court and the defendants publicly acted to defeat the litigation and legislative settlement of the disputed claims, thereby breaching their fiduciary duty to the plaintiff.
In the second count of its complaint, the plaintiff CT Page 11102 alleges that the defendants violated the Equal Protection Clause of both the Connecticut and United States Constitutions in acting to defeat the plaintiff's land claims while legislatively settling other Indian land claims. In its prayer for relief, the plaintiff seeks a declaratory judgment that the action taken by the defendants "to defeat, impede or otherwise oppose" the claims commenced by the plaintiff constitutes a breach of a fiduciary obligation owed by the State of Connecticut to the plaintiff and violates the Connecticut and the United States Constitutions. In addition, the plaintiff seeks attorney's fees, compensatory and punitive damages.
On December 2, 1993, the defendant filed a motion to dismiss the entire complaint on the grounds that sovereign immunity barred the action. On May 10, 1993, the plaintiff filed a memorandum in opposition. In addition, on July 10, 1994, the defendants filed a reply memorandum in support of their motion to dismiss.
"The doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss." Amore v. Frankel, 228 Conn. 358, 364,636 A.2d 786 (1994). "If the face of the record indicates the court is without jurisdiction, the complaint must be dismissed." Upson v. State, 190 Conn. 622, 632, 461 A.2d 991
(1983). In deciding a motion to dismiss, the court should follow the "established principle that every presumption is to be indulged in favor of jurisdiction." LeConche v. Elligers,215 Conn. 701, 709-10, 579 A.2d 1 (1990). If "no affidavits of facts not apparent from the record have been filed . . . a motion to dismiss, like a motion to erase, admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone." Pelligrino v. O'Neill,193 Conn. 670, 672, n. 4, 480 A.2d 476 (1984).
The defendants argue in their memorandum in support of their motion that the court should dismiss the complaint "because of the sovereign immunity of the defendants." In response, the plaintiff argues that since the action alleges that the Attorney General is acting beyond the scope of his statutory authority and the plaintiff's constitutional rights have been violated, sovereign immunity does not bar the plaintiff's case. CT Page 11103
The second named defendant in the complaint is the Attorney General. The Connecticut Supreme Court has recognized that "because the state can act only through its officers and agents, a suit against a state officer concerning a matter in which the officer represents the state is, in effect, against the state." Sentner v. Board of Trustees,184 Conn. 339, 342, 439 A.2d 1033 (1981). See also White v.Burns, 213 Conn. 307, 312, 567 A.2d 1195 (1990). Furthermore, no state officer or employee[1] shall be personally liable for damage or injury not wanton, reckless or malicious, caused in the discharge of his duties or within the scope of his employment. General Statutes § 4-165. Instead, the claim should be made against the State. Id.
Against this background, the plaintiff has not alleged a cognizable claim under Connecticut law. The only allegations that the plaintiff makes in its complaint are that the Attorney General sought to intervene as a defendant in the cases brought by the plaintiff and acted to defeat proposed legislation. Since the Attorney General was representing the State in discharging his official duties, and the plaintiff makes no allegations that the Attorney General acted wantonly, recklessly or maliciously, the plaintiffs only redress must properly come from an action against the State. Accordingly, the plaintiff's action against the Attorney General is dismissed.
First Count
In its supporting memorandum, the defendant recognizes that a limited exception to sovereign immunity exists where a declaratory judgment is sought when the defendant officer is proceeding under an unconstitutional statute or in excess of his statutory authority. However, the defendant argues that the allegation in count one of the plaintiff's complaint that the Attorney General has breached its fiduciary duty to the plaintiff does not fall under this exception.
An exception to sovereign immunity exists where a declaratory judgment is sought when "`state officials [are] acting in excess of their statutory authority' or in violation of constitutional rights." (Internal citation omitted.) Savagev. Aronson, 214 Conn. 256, 264, 571 A.2d 696 (1990); see alsoBarde v. Board of Trustees, 207 Conn. 59, 64, 539 A.2d 1000
(1988). In order to avail itself of this exception, however, CT Page 11104 a plaintiff must make a substantial claim that the defendant officer is acting pursuant to an unconstitutional enactment or in excess of his statutory authority. See Horton v. Meskill,172 Conn. 615, 624, 376 A.2d 359 (1977). In its complaint, the plaintiff alleges that the Attorney General breached its fiduciary obligation to the plaintiff by (1) "act[ing] publicly to defeat litigation commenced by Plaintiff Tribe . . . [and by (2)] act[ing] publicly to defeat the legislative settlement of Plaintiff Tribe's land claims." Since the Attorney General was acting pursuant to his authority under General Statutes § 3-125 and P.A. 93-389[2], he was not acting in "excess of his statutory authority." Additionally, the allegations of a breach of fiduciary duty by the Attorney General do not establish a violation of a constitutional right. Accordingly, count one is dismissed on the grounds that sovereign immunity bars the action.
Second Count
The defendants argue in their supporting memorandum that the second count against the defendants should be dismissed because the plaintiff's equal protection claim does not clearly demonstrate an incursion upon constitutionally protected interests.
"The equal protection clauses of the [Connecticut] and federal constitutions have the same meanings and limitations permitting simultaneous discussions." State v. Johnson,26 Conn. App. 553, 558 n. 5, 603 A.2d 406 (1992). "[I]n a constitutional democracy sovereign immunity must relax its bar when suits against the state complain of unconstitutional acts." See Tamm v. Burns, 222 Conn. 280, 283, 610 A.2d 590
(1992) quoting Sentner v. Board of Trustees, 184 Conn. 339,343, 439 A.2d 1033 (1981); see also Barde v. Board ofTrustees, supra, 207 Conn. 64; Owners-Operators IndependentDrivers Assn. v. State, supra, 209 Conn. 690, n. 9. However, "[t]he allegations of such a complaint and the factual underpinnings if placed in issue, must clearly demonstrate an incursion upon constitutionally protected interests." Barde v.Board of Trustees, supra, 207 Conn. 64. (holding that an allegation of the denial of equal protection did not prevent the defendant from claiming sovereign immunity); see alsoUpson v. State, 190 Conn. 622, 625, 461 A.2d 991 (1983); Horakv. State, 171 Conn. 257, 261, 368 A.2d 155 (1976). In its complaint, the plaintiff alleges an equal protection violation CT Page 11105 based solely on the fact that the Attorney General legislatively settled the Mashantucket Pequots' land claims while acting to defeat the land claims brought by the plaintiff. Equal protection of the law prohibits the unequal treatment of those who are similarly situated. Golab v. NewBritain, 205 Conn. 17, 25, 579 A.2d 1297 (1987). Therefore, to sufficiently allege an equal protection violation a plaintiff must claim that "similar people [are not being] dealt with in a similar manner and that people of different circumstances will not be treated as if they were the same."Levine v. Institution and Agencies Dept. of New Jersey,418 A.2d 229, 240-41 (1980). Moreover, equal protection violations require allegations of purposeful discrimination by the State. See Bapat v. Connecticut Department of HealthServices, 815 F. Sup. 525, 531 (D. Conn. 1992); State v.Wylie, 10 Conn. App. 683, 693-94, 525 A.2d 528 (1987). In its complaint, the plaintiff simply alleges that the Attorney General acted to "defeat, impede or otherwise oppose the [Plaintiff Tribe's] litigation." There are no allegations that similar classes are being treated differently or that the state has acted with the intent to discriminate. Therefore, the plaintiff's allegations are insufficient to overcome sovereign immunity. Accordingly, count two is dismissed.
Compensatory Punitive Damages, Attorney Fees
The defendants argue in their supporting memorandum that "[e]ven assuming the allegations of the plaintiff's complaint are sufficient to overcome the bar of sovereign immunity against suit, sovereign immunity still acts as a bar to the plaintiff's claims for compensatory damages, punitive damages, attorney's fees or costs."
Connecticut recognizes that there is a "distinction between sovereign immunity from suit and sovereign immunity from liability." Horton v. Meskill, supra, 172 Conn. 625. "In the absence of legislative authority, . . . [the court has] declined to permit any monetary award against a state and its officials." Doe v. Heintz, 204 Conn. 17, 32,526 A.2d 1318 (1987). Accordingly, even if the declaratory judgment action were not dismissed, sovereign immunity bars the plaintiff's claim for money damages. See Doe v. Heintz, supra, 204 Conn. 32; see also Paucatuck E. Pequot Indians ofConnecticut v. Weicker, 1993 Ct. CaseBase 2245 (March 2, 1993, Hurley, J.) (holding that the plaintiff could not recover CT Page 11106 attorney fees or damages against the state due to sovereign immunity.) Furthermore, absent statutory authority, awarding attorney's fees is barred by sovereign immunity. Doe v.State, 216 Conn. 85, 106, 579 A.2d 37 (1990). The plaintiff's claim for attorney's fees against both the State and the Attorney General are barred by sovereign immunity and are therefore dismissed.
Mary R. Hennessey, Judge