[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On October 3, 1994, the plaintiff, Joseph J. Farley, filed a one count complaint in negligence against the defendant, Embassy Suites, Inc., for injuries arising out of a slip and fall in a room at an Embassy Suites Hotel in Atlanta, Georgia.
On November 23, 1994, the defendant filed a motion to dismiss the plaintiff's action on the grounds of forum non conveniens and lack of personal jurisdiction. The plaintiff has not filed a memorandum in opposition, however, the plaintiff's counsel at oral argument requested discovery to show the defendant's contacts with Connecticut. CT Page 1428-Y
"A motion to dismiss . . . `properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court.'" (Emphasis in original.) Gurliacci v. Mayer,218 Conn. 531, 544, 590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 624, 461 A.2d 991
(1993).
The defendant argues that it does not have sufficient contacts with Connecticut for the court to exercise jurisdiction.
"Either specific jurisdiction or general jurisdiction can satisfy the constitutional requirement of sufficient minimum contacts between the defendant and the forum. A state court will have specific jurisdiction over a nonresident defendant whenever the defendant has purposefully directed [its] activities at residents of the forum . . . and the litigation [has] result[ed] from alleged injuries that arise out of or relate to those activities. . . . Alternatively, [e]ven when the cause of action does not arise out of or relate to the foreign corporation's activities in the forum state, due process is not offended by a State's subjecting the corporation to its in personam jurisdiction if the defendant has had continuous and systematic general business contacts with the state." (Citations omitted; emphasis deleted; internal quotations marks omitted.) Thomason v. Chemical Bank,234 Conn. 281, 288, 661 A.2d 595 (1995).
"Unlike the constitution, however, our long arm statute [General Statutes § 33-411] permits the exercise of jurisdiction over only those cases that `arise out of' a defendant's forum contacts." Id., 290. Section "33-411(c)[1] directs us to inquire not only into the various elements of the plaintiff's cause of action, spelled out in the various subparts of subsection (c), but also into the totality of contacts which the defendant may have with the forum . . . . [I]n enacting § 33-411(c) . . . the legislature intended to exercise its full constitutional power over foreign corporations falling within one of the designated causes of action. Under [§ 33-411(c)] consistent with the constitutional demands of due process, it is the totality of the defendant's conduct and the connection with this state that must be considered, on a case by case basis, to determine whether the defendant could reasonably have anticipated being haled into court here." (Internal quotation marks omitted.) Id., 291. "Although § 33-411(c) CT Page 1428-Z . . . requires that the cause of action `arise out of' a defendant's contacts with this state, it does not require that the cause of action and the contacts be causally connected." Id., 292.
From the evidence provided it is not possible for the court to determine the contacts the defendant has with Connecticut, nor to determine whether the plaintiff's cause of action falls under one of the subparts of § 33-411(c). Therefore, the plaintiff should be permitted to conduct discovery relating to the defendant's contacts with this state, and that this motion may be scheduled for an evidentiary hearing as required by Standard Tallow Corp. v. Jowdy,190 Conn. 48, 459 A.2d 503 (1983).
The defendant also argues that the plaintiff has not alleged that the defendant owns the hotel in question; however, that issue does not relate to jurisdiction, but rather to the defendant's liability, and therefore, is more properly addressed on a motion to strike or a motion for summary judgment.
The defendant further maintains that the plaintiff's action should be dismissed under the doctrine of forum of non conveniens. The Supreme Court stated in Picketts v. International Playtex,Inc., 215 Conn. 490, 576 A.2d 518 (1990) that "unless the balanceis strongly in favor of the defendant the plaintiff's choice offorum should rarely be disturbed . . . . Although it would be inappropriate to invoke rigid rule to govern discretion . . . it bears emphasis that invocation of the doctrine of forum non conveniens is a drastic remedy . . . which the trial court must approach with caution and restraint. The trial court does not have unchecked discretion to dismiss cases from a plaintiff's chosen forum simply because another forum, in the court's view, may be superior to that chosen by the plaintiff . . . . Although a trial court applying the doctrine of forum non conveniens must walk a delicate line to avoid implicitly sanctioning forum shopping by either litigant at the expense of the other . . . it cannot exercise its discretion in order to level the playing field between the parties. The plaintiffs' choice of forum, which may well have been chosen precisely because it provides the plaintiff with certain procedural or substantive advantages should be respected unless equity weighs strongly in favor of the defendant . . . [T]he overriding inquiry in a forum non conveniens motion is not whether some other forum might be a good one, or even a better one than the plaintiff's chosen forum. The question to be answered is whether [t]he plaintiff's chosen forum is itself inappropriate or unfair because of the various private and public interest considerations CT Page 1428-AAA involved . . . . Accordingly, the trial court, in exercising its structured discretion, should place its thumb firmly on the plaintiff's side of the scale, as a representation of the strong presumption in favor of the plaintiff's chosen forum, before attempting to balance the private and public interest factors relevant to a forum non conveniens motion." (Citations omitted; emphasis in original; internal quotation marks omitted.) Id., 500-502. In light of these guidelines respecting the determination of forum non conveniens, the court in Xerox Corp. v. Axel JohnsonEnergy Development, Inc., 8 Conn. L. Rptr. 551, 554 (April 2, 1993, Lewis, J.), stated that "[i]t is difficult to imagine afterPicketts that granting of a forum non conveniens motion would ever be sustained, particularly in light of the Supreme Court's reference to `modern technological innovations' such as jet airplanes, satellites and videotaped depositions."
Accordingly, given the strong presumption in favor of the plaintiffs' choice of forum, the plaintiff's action should not be dismissed under the doctrine of forum non conveniens.
RICHARD J. TOBIN, JUDGE