### GAIL UPSON *v.* STATE OF CONNECTICUT
### (11193)

SPEZIALE, C. J., PETERS, HEALEY, PARSKEY and GRILLO, Js.

Argued May 10—decision released July 12, 1983

*Richard P. Weinstein,* for the appellant (plaintiff).

*Robert A. Whitehead, Jr.,* assistant attorney general, with whom, on the brief, was *Joseph I. Lieberman,* attorney general, for the appellee (defendant).

GRILLO, J. The sequence of events culminating in the present appeal is not in dispute. The plaintiff initiated suit against the defendant in April, 1980, alleging a wrongful taking of certain cattle carcasses. Subsequently the defendant moved to dismiss the complaint, asserting that the state, not having consented to be sued, was immune from suit and that the "proper forum" for the plaintiff's action was before the claims

commissioner pursuant to General Statutes § 4-141 et seq. The motion to dismiss was granted, and this appeal followed.

The complaint to which the defendant's motion to dismiss is addressed recites the following: The plaintiff, in July, 1979, owned certain cows which the commissioner of agriculture, acting pursuant to his statutory authority and as the agent of the defendant, found to be infected with brucellosis and therefore ordered destroyed after removing the animals from the plaintiff's farm.[1] The commissioner sold the carcasses for salvage value and the proceeds were retained by the defendant. The plaintiff was paid for "the destruction of said animals."[2] The plaintiff is entitled to the profits of the carcasses, but has been deprived of such profits. Thus the action by the defendant violates arti-

---

[1] General Statutes § 22-288a states in pertinent part:

"CONDEMNATION OF HERD. APPEALS. If the commissioner of agriculture finds the presence of tuberculosis or brucellosis recurring in one herd within any two-year period, or if he finds any herd of cattle substantially infected with tuberculosis or brucellosis, he may order the condemnation of such herd and compensation therefor shall be paid in accordance with section 22-288."

General Statutes § 22-288 states in pertinent part:

"COMPENSATION FOR CONDEMNED CATTLE. (a) The commissioner of agriculture may cause any domestic animal which has given a positive reaction to the tuberculin test to be killed, but no such bovine animal shall be killed until its value has been determined by the owner and the commissioner." The statute recites the method of determining value, a factor not relevant to the issue presented by the motion to dismiss.

[2] On July 3, 1979, the plaintiff signed two condemnation agreements which were annexed to her complaint and made a part thereof and which state in pertinent part as follows: "[T]he said owner hereby agrees . . . to accept in full settlement of said owner's claim against the State of Connecticut for remuneration for animals killed by order of said Commissioner this appraised value . . . ." The condemnation agreements listed the diseased livestock, the appraisal value of each and the total amount due the plaintiff.

cle first, § 9 of the constitution of the state of Connecticut, and the fourteenth amendment to the United States constitution.[3]

On appeal the plaintiff presents the following issues: (1) whether the trial court erred in deciding the plaintiff's complaint on its merits rather than addressing solely the jurisdictional issue raised by the defendant's motion to dismiss; (2) whether the trial court erred in determining that the defendant's sovereign immunity bars the plaintiff's complaint; (3) whether the trial court erred in refusing to accept evidence on a motion to dismiss as to the alleged duplicity of the plaintiff's action.

The first two claims advanced by the plaintiff misconstrue the function of the defendant's motion to dismiss by reading into the trial court's decision both too much and too little. A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction.[4] *Pearson* v. *Bridgeport Hydraulic Co.*, 141 Conn. 646, 648, 109 A.2d 260 (1954). The defendant, which admitted all factual allegations of the complaint, took the position before the trial court that the plaintiff had failed to plead sufficient facts to show an unconstitutional taking, and that the mere allegation of such a wrongful taking, in the form of a legal conclusion, was insufficient to overcome the doctrine of sovereign immunity. The trial court was met by the defense, in the form of the plaintiff's argument to the motion to dismiss, that sovereign immunity is not a shield when an unconstitutional taking is alleged. Thus the issues were joined.

---

[3] "The property of no person shall be taken for public use, without just compensation therefor." Conn. Const., art. I § 11.

"[N]or shall any State deprive any person of . . . property, without due process of law . . . ." U.S. Const., amend. XIV § 1.

[4] Effective July 1, 1978, the motion to dismiss replaced both the plea in abatement and the motion to erase as the proper procedural vehicle to test

Lack of jurisdiction, once raised, must be disposed of. *Baldwin Piano & Organ Co.* v. *Blake,* 186 Conn. 295, 297, 441 A.2d 183 (1982).

The plaintiff's claim that the trial court decided the case on its merits is groundless. The memorandum of the court shows clearly that it considered the complaint and exhibits A and B, the condemnation agreements for compensation between the parties which were annexed to and made part of the complaint. The court then considered the statute; General Statutes § 22-288; and ultimately concluded that there was no unconstitutional taking. Noting that the state had not consented to the plaintiff's action and was therefore immune from suit, the court rendered judgment dismissing the plaintiff's suit for lack of jurisdiction. We agree.

"The complaint, to survive the defense of sovereign immunity, must allege sufficient facts to support a finding of a taking of [property] in a constitutional sense . . . ." *Horak* v. *State,* 171 Conn. 257, 261, 368 A.2d 155 (1976). Where "the complaint is insufficient to establish an unconstitutional taking . . . the doctrine of sovereign immunity is a sufficient bar to the jurisdiction of the court." Id., 262. In the present case the trial court took no evidence. It was, however, required to determine the sufficiency of the claim of an unconstitutional taking, as alleged by the plaintiff, in order to determine the validity of the sovereign immunity averment which was the basis of the defendant's motion to dismiss.

the trial court's jurisdiction. Practice Book, 1978, §§ 142, 143. The motion to erase was appropriate only where the claimed lack of jurisdiction appeared on the record; *White-Bowman Plumbing & Heating, Inc.* v. *Biafore,* 182 Conn. 14, 18, 437 A.2d 833 (1980); Practice Book, 1963, § 94; while the plea in abatement was proper where resolution of the claimed jurisdictional defect necessitated evidence beyond the face of the record. Practice Book, 1963, § 93; see *Carpenter* v. *Planning & Zoning Commission,* 176 Conn. 581, 587, 409 A.2d 1029 (1979). As of July 1, 1978, however, "the motion to dismiss is the proper vehicle for claiming *any* lack of jurisdiction in the trial court." Id., 587n.

Alternatively, the plaintiff contends that the court should have reviewed the allegations of paragraphs eight and nine[5] of the complaint and that due consideration of those paragraphs would have allowed the complaint to withstand the jurisdictional attack of the motion to dismiss. Were we to adopt the plaintiff's argument, the mere allegation of a wrongful taking coupled with an allegation of constitutional violation would be sufficient to preclude an inquiry concerning a claimed jurisdictional defect (sovereign immunity). Regardless of the phraseology in the nature of a conclusion employed by the pleader, if the face of the record indicates that the court is without jurisdiction, the complaint must be dismissed. *Horak* v. *State,* supra, 260. A reading of the trial court's decision demonstrates conclusively that the court analyzed the facts alleged in the complaint and concluded that those facts did not amount to an unconstitutional taking, and that therefore the court lacked jurisdiction. We concur in the conclusion of the trial court that the record on its face discloses that the plaintiff was fully compensated, that there was no unconstitutional taking, and that the defendant's motion to dismiss was correctly granted.

In view of our decision as to lack of jurisdiction, the third issue need not be considered. *Hartford National Bank & Trust Co.* v. *Tucker,* 178 Conn. 472, 477, 423 A.2d 141 (1979).

There is no error.

In this opinion the other judges concurred.

---

[5] Paragraph eight of the complaint reads as follows: "The defendant has completely taken the said cows and has claimed the ownership thereof, when in fact, and in law, the defendant was and is entitled only to command the destruction of the said cows and to remunerate the plaintiff therefore."

Paragraph nine of the complaint reads as follows: "The said taking by the defendant has deprived the plaintiff of her rights to the use enjoyment and profit of the said carcasses in violation of Sections 22-288a of the Connecticut General Statutes; Article First, Sec. 11 of the Constitution of the State of Connecticut; and United States Constitution amend. XIV."