[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The issue raised is whether an incorrect return date on the writ of summons and complaint implicates the jurisdiction of the court thereby requiring the granting of defendants' motion to dismiss.
It is found that the motion to dismiss must be granted as process is defective.
The plaintiffs Joel A. Asen and Elaine Asen have commenced an interpleader action whereby they seek relief concerning claims to monies held by the plaintiffs. The return date on the summons and complaint is June 27, 1991, a Thursday.
Gaita Electric ("Gaita") and Danbury Flooring Center, Inc. ("Danbury Flooring"), two of the many defendants involved, now move to dismiss the action against them on the grounds of lack of subject matter jurisdiction and insufficiency of process. Their motion is timely filed. They also seek the costs of this motion.
Gaita and Danbury Flooring point out in their memorandum of law that the return date is improper because it is a Thursday, not a Tuesday. They also claim that process is insufficient as to them because the writ of summons served upon them is different from that filed with the clerk of the court in that (1) the writ served upon the defendants does not list Danbury Flooring as a defendant, and (2) the writ served upon the defendants contains an incorrect address for Gaita which apparently was corrected on the writ in the court file. The plaintiffs to date have not submitted papers in opposition to the motion.
"[T]he motion to dismiss is the proper vehicle for claiming any lack of jurisdiction in the trial court." Upson v. State,190 Conn. 622, 624-25 n. 4. 461 A.2d 991 (1983); Practice Book 142. It is also used to assert insufficiency of process. Practice Book "143. "This motion shall always be filed with a supporting memorandum of law, and where appropriate, with supporting affidavits as to facts not apparent on the record." Id. "An adverse party who fails timely to file [a memorandum in opposition]. . . shall be deemed by the court to have consented to the granting of the motion." Id. CT Page 9427
It is clear that since the plaintiffs have not opposed this motion to dismiss, the court may grant it pursuant to Practice Book 143. In addition it is found that the motion should be granted on the basis of lack of jurisdiction.
General Statutes 52-48 (a) mandates that process in civil actions be made returnable on a Tuesday. The return date in this case is June 27, 1991 which is a Thursday. Thus, the return date is improper. An improper return date is an incurable defect which implicates the court's jurisdiction and requires an amendment and new service of process in order to preserve the court's jurisdiction. Hartford National Bank 
Trust Company v. Tucker, 178 Conn. 472, 478-79, 423 A.2d 141, cert, denied, 445 U.S. 904, 100 S. Ct, 1079, 63 L.Ed.2d 319
(1979) Brandiff v. Sellas, 40 Conn. Sup. 243, 244,488 A.2d 853. (1985, Barnett, J.); General Statutes 52-72. It is clear that an improper return date implicates the personal jurisdiction of the court and on this basis the motion to dismiss must be granted.[1]
As to the defendants' second ground for dismissal, i.e. insufficiency of process based on the service of papers different from those filed with the court, the defendants submit no affidavits or other supporting documentation to substantiate facts that are not "apparent on the record." See Practice Book 143. The court will not consider defendants' second ground.
Based on the clearly improper return date in the summons and complaint, and the fact that the motion to dismiss is unopposed, the motion to dismiss is granted.
This memorandum considers the issue as if it has been properly presented.
WILLIAM J. McGRATH, JUDGE