[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
By amended complaint dated May 9, 1991, the plaintiffs, Jacques Roy (hereinafter "Roy") and Donna Ferrara (hereinafter "Ferrara") allege that they suffered damages as the result of a motor vehicle accident caused by the negligence of the defendant Norman L. Bolduc (hereinafter "Bolduc"). According to the amended complaint, on or about May 12, 1989, Roy was operating his vehicle with Ferrara as his passenger; on that date, Roy's vehicle was struck by a tractor-trailer automobile driven by Bolduc and owned by the defendant Roadway Express, Inc. (hereinafter "Roadway"). On September 3, 1991, the defendants filed an answer and three special defenses.
On November 9, 1992, an appearance was filed for the plaintiff Ferrara only, in lieu of the appearance by the attorney who had previously represented both Roy and Ferrara. On December 8, 1992, Ferrara filed a request for leave to file an amended complaint, together with an amended complaint. This amended complaint CT Page 7963 contains a count alleging negligence on the part of the defendants Bolduc and Roadway. It also contains a count, which the parties subsequently characterize as a cross claim, against the plaintiff Roy. The certification filed with this pleading indicates that it was mailed to counsel who are not involved in this action. On December 14, 1992, counsel for Ferrara filed a "Supplemental Certification," certifying that the foregoing was mailed to counsel for Roy and counsel for the defendants.
On February 26, 1993, the defendants filed an answer to Ferrara's amended complaint. On May 18, 1993, a second appearance was filed on behalf of Roy, the defendant on the cross claim, by Ferrara. On June 17, 1993, Roy filed a motion to dismiss Ferrara's cross claim on the ground of insufficiency of service of process. An accompanying memorandum of law in support of the motion was also filed. Ferrara has filed a memorandum of law in opposition to the motion to dismiss.
"A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State,190 Conn. 622, 624, 461 A.2d 991 (1983). "The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, and (5) insufficiency of service of process." Practice Book 143. Where appropriate, supporting affidavits as to facts not apparent on the record should be filed with the motion. Id.
Roy first argues that his motion to dismiss should be granted because Connecticut procedure does not permit cross claims between coplaintiffs. This is not an appropriate ground for a motion to dismiss. See Practice Book 143, supra. Therefore, this argument will not be addressed in this memorandum.
Roy next argues that if the cross claim is permitted, the claim should be dismissed on the basis of insufficiency of process. According to Roy, nothing in the record indicates that he was ever served with the cross complaint. Roy asserts that the amended complaint containing the cross claim against him was not left with him or at his usual abode by a sheriff or other authorized person. Roy further asserts that Ferrara failed to serve him with a copy of the amended complaint in violation of Practice Book 120 et seq. and 175 et seq., governing service of pleadings subsequent to the original complaint. In response to these claims, Ferrara argues that proper service of the cross claim was made pursuant to CT Page 7964 Practice Book 121 and 122.
Practice Book 121 provides, in pertinent part, that:
 (a) It is the responsibility of counsel filing the same to serve on each other party who has appeared one copy of every pleading subsequent to the original complaint, every written motion other than one in which an order is sought ex parte and every paper relating to discovery, request, demand, claim, notice or similar paper. When a party is represented by an attorney, the service shall be made upon the attorney unless service upon the party himself is ordered by the court. . . .
 (c) Any pleading asserting new or additional claims for relief against parties who have not appeared or who have been defaulted shall be served on such parties.
(Emphasis added.)
Pursuant to Practice Book 64, a plaintiff's attorney enters his appearance by signing the writ, unless the writ otherwise states.
Practice Book 122 governing the method of service, provides, in pertinent part, that "[s]ervice upon the attorney or upon a party, except service pursuant to Sec. 121(c), may be made by delivering a copy to him or by mailing it to him at his last known address. . . Service by mail is complete upon mailing. Service pursuant to Sec. 121(c) shall be made in the same manner as an original writ and complaint is served or as ordered by the court." (Emphasis added.)
Applying the foregoing rules to the present case, service of Ferrara's cross claim could properly be effectuated by mailing it to Roy or his attorney. This is so because the plaintiff had already appeared, so that service pursuant to 121(c) was not required. The supplemental certification filed by Ferrara indicates that the cross claim was mailed to Roy's original attorney on December 14, 1992. This certification complies with Practice Book 123 regarding proof of service. CT Page 7965
Roy has not filed any affidavits stating that the cross claim was not received. Rather, he states in his memorandum of law that "[n]either the cross claim defendant nor his counsel received a copy of the amended complaint when it was filed." In the absence of any affidavits filed pursuant to Practice Book 143, Roy has failed to establish that neither he nor his attorney of record received the cross claim when it was mailed on December 10, 1992.
For the foregoing reasons, the motion to dismiss is denied.
Howard F. Zoarski, Judge