[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Jurisdiction over the person may be challenged with a motion to dismiss. Practice Book § 143(2). "A motion to dismiss tests, inter alia, whether on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622, 624,461 A.2d 991 (1983). The court should make every presumption in favor of jurisdiction. Gurliacci v. Mayer, 218 Conn. 531, 543,590 A.2d 914 (1991).
Dynawatch argues that the plaintiff has not alleged that his cause of action arose out of business that Dynawatch transacted in Connecticut. Dynawatch also argues that is does not have contacts with Connecticut.
The plaintiff argues that the defendant has shown that Messenger explicitly admits in his affidavit that Dynawatch, CT Page 6463 Inc. is a foreign corporation doing business in Connecticut and, therefore, the court has jurisdiction.
The defendant admits in Messenger's affidavit that it does business in Connecticut. "Where . . . the motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue. . . ." (Footnote omitted.) Barde v. Board of Trustees,207 Conn. 59, 62, 539 A.2d 1000 (1988), citing Garden Mutual BenefitAssn. v. Levy, 37 Conn. Sup. 790, 791, 437 A.2d 141 (App. Sess. 1981). There has been no evidence showing that the defendant is registered with the secretary of state as a foreign corporation. If the defendant were a foreign corporation authorized to do business in Connecticut, then the court would have jurisdiction pursuant General Statutes § 33-411(a).
If the defendant is not authorized to do business in Connecticut, then the court would have jurisdiction over the defendant pursuant to General Statutes § 33-411(b). General Statutes § 33-411(b) provides that "[e]very foreign corporation which transacts business in this state in violation of Connecticut General Statutes Sections 33-395 or 33-396, which does not allow a foreign corporation to transact business without registering with the secretary of state, shall be subject to suit in this state upon any cause of action arising out of such.
The plaintiff has produced sufficient evidence to support a finding that the court has personal jurisdiction over Dynawatch in this matter by submitting Messenger's affidavit stating that Dynawatch does business in Connecticut, the copy of the alarm monitoring agreement on Dynawatch letter-head for the subscriber Ricardo Martinez dated April 26, 2991, and the letter dated April 27, 1992 stating that Dynawatch is a division of Dynamark and that Cayers is its local franchisee.
The court has jurisdiction over this matter whether or not the Dynawatch is registered with the secretary of state as a foreign corporation. Consequently, the court has jurisdiction over Dynawatch and Dynawatch's motion to dismiss is denied.
SYLVESTER, J. CT Page 6464