[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JANUARY 10, 1995
The plaintiff alleges that in September 1987, it furnished materials and rendered services in the construction of a building upon the premises then owned by Howard and Marychuk, Ltd. The plaintiff continued to supply and install said materials and services until June 6, 1990. The plaintiff further alleges that Howard and Marychuk failed to pay the plaintiff for the work it did at the premises, in the amount of $12,912.48. On August 21, 1990, the plaintiff filed a notice of intention to place a mechanic's lien and also filed the mechanic's lien in the Avon land records.
On June 10, 1991, Howard Marychuk filed a petition of bankruptcy under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Connecticut at Hartford. The plaintiff claims that the petition for bankruptcy acted as a stay from the bringing of this action pursuant to the bankruptcy code. On November 14, 1991, Howard Marychuk's bankruptcy petition was dismissed by the United States Bankruptcy Court and this action was brought on December 13, 1991, within thirty days from the dismissal.
The defendant New England Savings Bank (N.E.S.B.) became the owner of record of the property at issue as a result of a strict foreclosure granted October 4, 1991 and recorded October 25, 1991 in the Avon land records. N.E.S.B. had received a relief from stay on August 15, 1991 from the bankruptcy court and allowed to proceed with its foreclosure proceedings against Howard 
Marychuk. On May 26, 1992, the Superior Court for the Judicial District of Hartford granted N.E.S.B's application for dissolution of the plaintiff's mechanic's lien and substitution of a bond. N.E.S.B. delivered a bond to the plaintiff, naming itself as principal and the Connecticut CT Page 919 Attorney's Title Insurance Company (C.A.T.I.C.) as Surety. The plaintiff Incorporated Construction claims that its lien is superior to all of the defendants claims and it is entitled to the money damages resulting from its mechanic's lien.
The defendants N.E.S.B. and C.A.T.I.C. filed their answer to the plaintiff's complaint on December 9, 1994, generally denying all counts and leaving the plaintiff to its proof. N.E.S.B. admitted that it had an interest in the property at issue, but denied that its interest is subordinate to the plaintiff's mechanic's lien. The defendants also offered six special defenses: first that the mechanic's lien was not filed within 90 days of performing services or furnishing materials, second that the lien does not relate back to July 1990, third that the statute permitting mechanic's liens is violative of federal due process and invalid, fourth that the statutes permitting mechanic's liens are violative of state due process, fifth that the plaintiff did not commence an action to foreclose within a year from the date the lien was recorded and the lien is therefore invalid, and finally the plaintiff did not record a notice of lis pendens on the land records of the town in which the lien was recorded as required by statute and accordingly the lien is invalid.
The plaintiff replied to the defendants' special defenses by denying the allegations. As to the fifth and sixth special defenses, the plaintiff alleges that the filing for bankruptcy by Howard Marychuk stayed the commencement of this action as provided for under the provisions of the United States Bankruptcy Code. The plaintiff further claims it commenced its action within thirty days of the bankruptcy dismissal as is permitted under the United States Bankruptcy Code.
The defendants N.E.S.B. and C.A.T.I.C. filed a motion to dismiss and memorandum in support of the motion to dismiss pursuant to Practice Book §§ 143 and 145 on the grounds that this court lacks subject matter jurisdiction to hear the case. The defendants claim that because the case was not commenced within the time required by General Statutes § 49-39, the lien was extinguished pursuant to § 49-40a. The motion was argued to CT Page 920 the court at short calendar January 3, 1995.
The defendants N.E.S.B. and C.A.T.I.C. argue that the motion to dismiss should be granted because the mechanic's lien was not filed within the one year from its perfection as required by General Statutes § 49-39.[1]
N.E.S.B. and C.A.T.I.C. claim that because the lien was recorded on August 21, 1990 and this action was not commenced until December 13, 1991, the action was brought beyond the one year statute of limitations and the case should be dismissed. The defendants further argue that pursuant to General Statutes § 49-40a, the plaintiffs mechanic's lien is automatically extinguished and therefore does not affect the record owner's title.[2]
The defendants also argue that the statute of limitations was not tolled by the filing of the bankruptcy by Howard Marchuk [Marychuk]. They cite a superior court case for the proposition that the bankruptcy case does not toll the statute of limitations, it only extends the statute until thirty days after the stay was lifted. The defendants further argue that the stay was lifted when N.E.S.B. obtained title to the property through strict foreclosure on October 4, 1991. N.E.S.B. and C.A.T.I.C claim that because the bank took title to the property on October 4, 1991, the property is no longer part of the bankruptcy estate and therefore the thirty days runs from that date until November 4, 1991. The defendants argue that because the plaintiffs commenced their suit on December 13, 1991, they are beyond the thirty days and thus the statute has run. Therefore, the defendants argue that the court lacks subject matter jurisdiction and the complaint should be dismissed.
The plaintiffs argue that the motion to dismiss should be denied on the ground that the complaint was filed within thirty days of receiving notice of the lifting of the stay pursuant to 11 U.S.C. § 108(c) and therefore was commenced within the statute of limitations.[3] The plaintiff argues that the bankruptcy case was dismissed on November 14, 1991, and that the thirty days runs from this time pursuant to11 U.S.C. § 108(c). Therefore, the plaintiff argues that the motion CT Page 921 to dismiss should be denied.
"A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction."Upson v. State, 190 Conn. 622, 624 n. 4 (1983) A motion to dismiss attacks the jurisdiction of the court, asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. Gurliacci v. Mayer, 218 Conn. 531,544, 590 A.2d 914 (1991).
The defendants in this case argue that the thirty-day period from 11 U.S.C. § 108(c) should run from October 4, 1991, the day N.E.S.B. was awarded strict foreclosure. The plaintiff argues that the thirty-day period runs from November 14, 1991, the day it received notice of the bankruptcy dismissal. Section 108(c)(2) provides that "such period does not expire until the later of . . . (2) 30 days after notice of the termination or expiration of the stay under section 362, 922 1201 or 1301 of this title."11 U.S.C. § 108(c).
The defendants' argument is the less persuasive argument. The defendant N.E.S.B. received a relief from stay from the bankruptcy court on August 15, 1991. The defendant argues in its memorandum opposing the motion to dismiss that it did not receive notice of N.E.S.B.'s relief from stay, a claim which is conceded by defendant. In this case, the plaintiff did not receive notice of any relief from stay until November 15, 1991, when it was notified that the case had been dismissed by the United States Bankruptcy Court. The plain language of 11 U.S.C. § 108(c)(2) is that the thirty days did not begin to run until the plaintiff received notice of the bankruptcy dismissal on November 15, 1991.
It is the holding of this court that the thirty days began to run on November 15, 1991, the plaintiff commenced this suit on December 13, 1991, within the thirty-day period, and therefore, the suit was brought in a timely fashion. The motion to dismiss is denied. CT Page 922