[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Before the court is a jurisdictional challenge which hinges on where the principal office of a corporation is located.
Those who founded the American Stock Exchange, first traded on the curb of a New York Street. At one time Lincoln was said to have kept his office in his hat. Like the early premises of the "curb exchange" and Lincoln's business premises, the corporate offices of DVR Direct are spartan. Presumably Lincoln's office hat was nearby at all times he did business. In that proximity particular, the defendant corporation ceases to be Lincolnesque.
Although the defendant DVR Corporation has a rented post office box in a mail drop in Seymour, its office is not really there. Most of its substantial business is conducted from a Southbury condominium occupied by its agent for service of process and a home in Texas.
After an ex parte hearing, the court (Sullivan, J.) granted the plaintiff's application for a temporary restraining order ("TRO") enjoining the defendant Linda Buonocore from disposing or expending various funds claimed to be the property of the defendant corporation, DVR Direct, Inc. Defendant Buonocore filed an objection to the TRO and motion to dismiss for lack of subject matter jurisdiction. The basis of jurisdictional issue in both the objection and the motion to dismiss is that the plaintiff's underlying action is one to wind-up the affairs of the corporation pursuant to General Statutes § 33-382. The defendant argues that because the corporation lists a Seymour address as its principal office in the certificate of incorporation and biennial reports, General Statutes § 33-382(a) (b) requires the dissolution action to be brought in the judicial district of Ansonia-Milford which serves Seymour. Therefore, the defendant argues that the court does not have jurisdiction to grant the prejudgment remedy.
"A motion to dismiss tests, inter alia, whether on the face of the record, the court is without jurisdiction." Upson v.CT Page 2886State, 190 Conn. 622, 624, 461 A.2d 991 (1983). "[A]s soon as the jurisdiction of the court to decide an issue is called into question, all other action in the case must come to a halt until such a determination is made." Gurliacci v. Mayer, 218 Conn. 531,544-45, 490 A.2d 509 (1991).
The issue before the court is whether this action to wind-up the affairs of the corporation is properly returnable to the judicial district of Waterbury. As noted, the plaintiff brings this action pursuant to General Statutes § 33-382(b), which provides that
 [t]he superior court for the judicial district where the principal office of a corporation is located, or any judge thereof, may wind up the business and affairs of such corporation on petition . . . .
General Statutes § 33-284(4) defines the term "principal office" as
 the address of the principal office of such corporation in this state, if any, as the same appears in the last annual report, if any, filed by such corporation with the secretary of the state. If no principal office so appears, the corporation's "principal office" means the address in this state of the corporation's statutory agent for service as last shown on the records of the secretary of the state. . . .
However, General Statutes § 33-284(a) defines the term "address" to mean
 location as described by the full street number, if any, street, city or town, state or country and not a mailing address such as a post office box.
(Emphasis added.) The credible evidence submitted by the plaintiff indicates that the address listed on the certificate of incorporation and the biennial report as the principal office of the corporation, 2 Klarides Village Drive, Suite 261, Seymour, CT, is the location of a business known as Mail Box, Etc. located in a shopping center. This location is a "mail drop for the corporation. Other than receiving mail and an occasional fax for the corporation, no business of the corporation is conducted there. The premises is not only known CT Page 2887 as "Mail Boxes Etc." but a sign in the window indicates it has a "Mail Box Rental". The actual Connecticut corporate principal place of business is in the Southbury home of the defendant, Linda Buonocore. Furthermore, the court takes judicial notice that on the corporation letterheads in evidence, although the company lists its address in Seymour, its phone is in the Southbury exchange. Linda Buonocore is agent for service of process and lives in Southbury. Accordingly, the court finds that Suite 261, Klarides Village Drive, Seymour, CT, is "a mailing address such as a post office box." General Statutes § 33-284(a). The Seymour address listed on the certificate of incorporation and the biennial report does not constitute an "address" for the purposes of General Statutes § 33-284(a) 
(r). General Statutes § 33-284 (r) provides that
 [i]f no principal office so appears [in the last annual report], the corporation's "principal office" means the address in this state of the corporation's statutory agent for service as last shown on the records of the secretary of the state.
In the present case, the statutory agent for service listed on the certificate of incorporation is the defendant Linda Buonocore. In the current biennial report filed with the secretary of the state, her address is listed at 31 Farview Commons, Southbury, CT. (Defendant's Exhibit 2, dated March 15, 1995.) Based on her admission in testimony, the court finds she resides in Southbury now. Because (1) the defendant Buonocore resides in Southbury; (2) the real principal office is in Southbury; and (3) the Seymour office is but a post office box mail drop, the action is properly brought in the Judicial District of Waterbury. See General Statutes § 51-345 (3)(D). ("If either the plaintiff or the defendant resides in the town of Southbury, the action may be made returnable at the option of the plaintiff to either the judicial district of Ansonia-Milford or the judicial district of Waterbury."); see also General Statutes § 51-344(12) ("The judicial district of Waterbury, consisting of the towns of . . . Southbury, [etc.]").
The court finds that there was jurisdiction in the court to permit the court to hear and determine the issue and there was jurisdiction for the plaintiff to have brought the matter to the Superior Court at Waterbury initially before Judge Sullivan. The jurisdictional challenge is denied. CT Page 2888
FLYNN, J.