[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#103)
On November 29, 1995, the plaintiffs, Christopher Antonelli and Virginia Picart, filed a one count complaint in negligence against the defendants Budget Rent A Car System, Inc. (Budget) and Deryck Dean Lindo. The plaintiffs allege that on August 14, 1994, on I-80 in Bloomsburg, Pennsylvania, Lindo, while operating a motor vehicle owned by Budget, struck the rear of a motor vehicle owned and operated by Antonelli, in which Picart was riding as a passenger, causing the plaintiffs to suffer injuries.
On January 25, 1996, Lindo filed a motion to dismiss for lack of personal jurisdiction. The plaintiffs have not filed any memorandum in opposition.
"A motion to dismiss . . . `properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court.'" (Emphasis in original.) Gurliacci v. Mayer, 218 Conn. 531, 544, 590 A.2d 914
(1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upsonv. State, 190 Conn. 622, 624, 461 A.2d 991 (1983). Practice Book § 143 provides in part that a "motion to dismiss shall be used to assert . . . (2) lack of jurisdiction over the person . . . (4) insufficiency of process, and (5) insufficiency of service of process."
Lindo contends that the court is without personal jurisdiction in that he was not properly served by the plaintiffs.
The sherriff's return states that Lindo was served by leaving a copy of the writ, summons and complaint with the Commissioner of Motor Vehicles of the State of Connecticut, and mailed a copy to Lindo at his address in Petersburg, Virginia. CT Page 4126 Lindo asserts that this service is insufficient under General Statutes § 52-62. Section 52-62 states in pertinent part that "[a]ny nonresident of this state who causes a motor vehicle to be used or operated upon any public highway or elsewhere in thisstate shall be deemed to have appointed the commissioner of motor vehicles as his attorney and to have agreed that any process in any civil action brought against him on account of any claim for damages resulting from the alleged negligence of the nonresident or his agent or servant in the use or operation of any motor vehicle upon any public highway or elsewhere inthis state may be served upon the commissioner and shall have the same validity as if served upon the nonresident personally." (Emphasis added.)
The plaintiff has alleged that the accident occurred in Pennsylvania and the summons lists Lindo's address as Petersburg, Virginia. Therefore, service was not proper under § 52-62. Furthermore, Lindo has provided an affidavit attesting that he does not have a Connecticut license and does not reside in Connecticut. Thus, service is also improper under General Statutes § 52-63. Accordingly, the plaintiff's complaint is dismissed as to Lindo.