[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS (DOCKET ENTRY NO. 103)
The plaintiff, Daniel Leddy, brought this action by summons and complaint with a return date of June 16, 1998. The pro se defendant, Bart Campbell, appeared in the action on June 17, 1998. On July 29, 1998, the defendant filed his answer together with a Motion to Oppose or Vacate Default and to Dismiss for Lack of Jurisdiction. The defendant, in both his answer and his Motion to Oppose or Vacate Default and to Dismiss for Lack of Jurisdiction, moves to dismiss the plaintiff's claim on the ground that the court lacks personal jurisdiction over him. A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted. Gurliacci v. Mayer, 218 Conn. 531, 544, CT Page 8664590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction."Upson v. State, 190 Conn. 622, 624, 461 A.2d 991 (1983).
The plaintiff argues that the motion to dismiss for lack of personal jurisdiction should be denied because the motion was filed more than thirty days following the defendant's appearance. "A defendant may contest the personal jurisdiction of the court even after having entered a general appearance, but must do so by filing a motion to dismiss within thirty days of the filing of an appearance."[1] (Internal quotation marks omitted.) Brunswickv. Inland Wetlands Commission, 222 Conn. 541, 551, 610 A.2d 1260
(1992). See also Knipple v Viking Communications, 236 Conn. 602,605-06, 674 A.2d 426 (1996). If a defendant does not file a motion to dismiss within thirty days of filing an appearance, the defendant waives the claim of lack of personal jurisdiction. Practice Book § 10-32; Pickett v. T.A.C. Collections, Inc.,31 Conn. App. 909, 909-910, 625 A.2d 845 (1993) (denying a motion to dismiss for lack of personal jurisdiction where the motion was filed more than thirty days after the defendant's appearance) Here, the defendant moved to dismiss for lack of personal jurisdiction more than thirty days after his appearance. Accordingly, the defendant's motion to dismiss is denied.[2]
Finally, the defendant asserts that if the motion to dismiss is denied, the default judgment entered against the defendant should be opened. The defendant filed his answer and motion to dismiss on July 29, 1998. The court entered a default judgment against the defendant on July 30, 1998. Section 17-32 (b) of the Practice Book provides in relevant part that "[i] f a claim party who has been defaulted under this section files answer before a judgment after default has been rendered by the judicial authority, the clerk shall set aside the default." Accordingly, when the defendant filed his answer and motion to dismiss prior to entry of judgment, the default was automatically set aside. Therefore, the judgment for default is vacated.
SKOLNICK, J.