[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant, William Burns, Commissioner of Transportation, filed a Motion to Dismiss arguing that the plaintiffs case is barred by the sovereign immunity doctrine, in that it is not responsible for sidewalks, pursuant to Connecticut General Statute § 13a-144. The plaintiff counters this motion by stating that her case is not barred by the sovereign immunity doctrine because she is alleging that she fell in the parking lot of property owned and or operated by the State, and not on the sidewalk.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Internal quotation marks omitted.)Gurliacci v. Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State,190 Conn. 622, 624, 461 A.2d 991 (1983). "[T]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss." (Internal quotation marks omitted.) Federal Deposit Ins. Corp. v. Peabody, N.E. Inc.,239 Conn. 93, 680 A.2d 1321 (1996).
In the complaint, the plaintiff alleges that "as a result of said defective condition of said roadway, walkway and parking area, Plaintiff Marian Filipek was severely and permanently injured." Complaint ¶ 8. The defendant submitted an affidavit CT Page 10911 attached to its brief asserting that the affiant is "familiar with the area described in the plaintiffs . . . notice [and]. . . . [t]he location identified in the plaintiffs notice is not a State of Connecticut, Bureau of Highways owned and/or maintained highway or sidewalk within the Department of Transportation's highway system."
"In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." Pamela B. v. Ment, 244 Conn. 296, 308, 709 A.2d 1089
(1998). "The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone. . . . Where, however . . . the motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue and need not conclusively presume the validity of the allegations of the complaint. (Citations omitted; internal quotations marks omitted.) Barde v Board of Trustees,207 Conn. 59, 62, 539 A.2d 1000 (1988).
The allegations of the complaint are sufficiently plain and clear and are entitled to favorable construction. Though supported by an affidavit, the defendant's motion does not provide undisputed facts upon which this court may properly decide the jurisdictional issue. Therefore, the defendant's motion to dismiss must be denied.
Angela Carol Robinson, Judge, Superior Court