[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS
 PROCEDURAL HISTORY
The dispositive issue in this motion to dismiss is the extent of the jurisdiction of the Superior Court to inquire into a plaintiff's CT Page 15941-hj authority to bring a lawsuit in the name of an Indian tribe. The plaintiff, representing itself to be the Schaghticoke Tribal Nation (plaintiff), filed an application for a temporary or permanent injunction and commenced an action against the defendant, Ronald Harrison (defendant), for trespass. Specifically, the plaintiff seeks to prevent the defendant from destroying or removing any real or personal property or the clearing of the land on the Schaghticoke Reservation in Kent, Connecticut, where the defendant resides.
A party representing itself as the Schaghticoke Indian Tribe (SIT) moved to intervene as a defendant, but the court denied the motion. The defendant has now moved to dismiss this action on the grounds that, inter alia, the plaintiff had no authority to bring this lawsuit in the name of the tribe.
DISCUSSION
A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622, 624, 461 A.2d 991
(1983). "The motion to dismiss shall be used to assert . . . lack of jurisdiction over subject matter." (Internal quotation marks omitted.)Sadloski v. Manchester, 235 Conn. 637, 645-46 n. 13, 668 A.2d 1314
(1995); Practice Book § 10-31(a).
The trial court's power to determine its jurisdiction must first be addressed. Golden Hill Paugussett Tribe of Indians v. Southbury,231 Conn. 563, 570, 651 A.2d 1246 (1995). The power to determine its jurisdiction is one of the core inherent powers of a court. Id. "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case. . . . [A] court must have jurisdiction to determine its own jurisdiction once that has been put in issue. . . ." (Citations omitted; internal quotation marks omitted.) Id., 570-571.
"[I]t is a basic principle of law that a plaintiff must have standing for the court to have jurisdiction. Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he has . . . some real interest in the cause of action, or a legal or equitable right, title or interest in the CT Page 15941-hk subject matter of the controversy . . ." (Citations omitted; internal quotation marks omitted.) Id., 571. The standing requirement is "designed to ensure that courts and parties are not vexed by suits brought to vindicate nonjusticiable interests and that judicial decisions which may affect the rights of others are forged in hot controversy, with each view fairly and vigorously represented. . . ." (Citations omitted; internal quotation marks omitted.) Id.
"To fulfill these goals, the standing doctrine requires a plaintiff to demonstrate two facts. First, the complaining party must be a proper party to request adjudication of the issues. . . ." (Citation omitted; internal quotation marks omitted.) Id. "Second, the person or persons who prosecute the claim on behalf of the complaining party must have authority to represent the party." Id., 571. "A complaining party ordinarily can show that it is `a proper party' when it makes a colorable claim of [a] direct injury [it] has suffered or is likely to suffer, in an individual or representative capacity. Such a personal stake in the outcome of the controversy . . . provides the requisite assurance of concrete adverseness and diligent advocacy' . . ." (Citations omitted) Id., 572.
"To demonstrate authority to sue, however, it is not enough for a party merely to show a colorable claim' to such authority. Rather, the party whose authority is challenged has the burden of convincing the court that the authority exists. . . ." Id. "The burden of proof for questions of authority is higher than that for questions of propriety because the former questions are more important." Id., 572-573. "Lawsuits must be authorized not only to ensure that the litigants `fairly and vigorously' represent the party's views . . ., but also because, if unauthorized lawsuits were allowed to proceed, future rights of the named parties might be severely impaired. Because of the doctrines of collateral estoppel (issue preclusion) and res judicata (claim preclusion), parties named in an unauthorized suit might later be unable to relitigate issues decided in that suit or to bring new claims. . . ." (Citations omitted) Id., 573.
Here, it is not disputed that the tribe itself has at least a colorable claim of a direct injury it has suffered in an individual or representative capacity. Nor did the motion to dismiss assert that the tribe was not a "proper party" to bring an action. Instead, the motion to dismiss asserted only that the person who had brought suit on behalf of the tribe lacked authority to do so. In light of the precedents cited above, the motion properly calls into question the jurisdiction of the trial court and requires the court to determine its jurisdiction. CT Page 15941-hl
General Statutes § 47-66i governs the methods for selecting tribal leaders and the mechanism whereby a tribe can resolve a leadership dispute. Section 47-66i (a) provides that "[e]ach tribal leader shall file with the Governor his name and a written description of the method of selecting tribal leaders and the process by which tribal leaders exercise their authority. The Governor shall file such description with the Secretary of the State and the Indian Affairs Council established under section 47-59b." General Statutes § 47-66i (a). Moreover, § 47-66i (b) provides that [a] leadership dispute shall be resolved in accordance with tribal usage and practice. Upon request of a party to a dispute, the dispute may be settled by a council. Each party to the dispute shall appoint a member to the council and the parties shall jointly appoint one or two additional members provided the number of members of the council shall be an odd number. If the parties cannot agree on any joint appointment, the Governor shall appoint any such member who shall be a person knowledgeable in Indian affairs. The decision of the council shall be final on substantive issues. An appeal may be taken to the Superior Court to determine if provisions of the written description filed with the Secretary of the State pursuant to this section have been followed. If the court finds that the dispute was not resolved in accordance with the provisions of the written description, it shall remand the matter with instructions to reinstitute proceedings, in accordance with such provisions." General Statutes §47-66i (b). Documents filed pursuant to § 47-66i constitute evidence of a tribal leader's authority only if the trial court finds that the documents are reliable and accurate. Id., 582.
The court in this case offers no opinion as to who has authority to sue on the tribe's behalf. The court does find, however, that the plaintiff did not have such authority under § 47-66i. The court further finds that there is insufficient evidence that the tribal council condoned plaintiff's authority.
Contrary to the claim raised by the plaintiff that it is a lawful representative of a state recognized tribe and therefore has standing, the trial court is not required to decide the issue of standing on the basis of the documents presented to the court. Rather, such documents are evidence of a purported tribal leader's authority and are not conclusive. These documents did not directly authorize any individual or the plaintiff to sue on behalf of the tribe. Therefore the motion to dismiss is granted.
Cremins, J. CT Page 15941-hm