[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE' WHETHER OUT-OF STATE DEFENDANT'S TELEPHONE CONVERSATIONS AND OTHER TRANSACTIONS CONFER LONG-ARM JURISDICTION
CT Page 16120
This action arises out of the 1998 purchase by defendant Security Professionals, LLC (SP), of certain assets of the plaintiff, American Protective Services, Inc. (APS). SP is a Delaware corporation engaged in the security alarm business in Connecticut. APS is a Connecticut corporation engaged in the security alarm business. The plaintiff, Joseph Zichichi, is the sole shareholder of APS. SP has failed to make certain payments to the plaintiffs pursuant to two notes issued by SP and a "holdback" provision contained in an asset purchase agreement between the plaintiffs and SP. The plaintiffs are seeking to hold individual members of SP personally liable for the corporate obligations of SP.
On March 6, 2000, the plaintiffs filed a complaint against SP; Security Leasing Partners, LP (SLP), a lending corporation in Missouri and member of SP; John M. Brady, president of SP; William Polk, Jr., director of SLP and officer of its general partner, SLP Capital Corporation (SCC); David W. Unger; Larry W. Carroll; Charles S. James and Martin Wolinsky. Unger, Carroll, James and Wolinsky are members of SP's Board of Managers along with SLP, represented by William Polk, and John Brady. The plaintiffs allege that the defendants are responsible for an alleged fraud committed during the sale of the assets of APS. Specifically, they claim that SLP, through William Polk, represented to Zichichi that the financial condition of SP was sound and that SP had the financial ability to meet its obligations. The plaintiffs allege that all of the defendants should have known that these representations as to SP's solvency were false and misleading. They further claim that SLP, William Polk and John Brady made these false representations knowing that the plaintiffs would rely and act on them.
William Polk has filed a motion to dismiss the plaintiffs' complaint on the ground that the court lacks personal jurisdiction over him. The plaintiffs and John Brady have filed papers in opposition to William Polk's motion.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622, 624, 461 A.2d 991
(1983). "The motion to dismiss shall be used to assert . . . lack of jurisdiction over the person. . . ." Practice Book § 10-31(a)(2). CT Page 16121
Connecticut's long arm statute, General Statutes § 52-59b (a), provides in relevant part that "a court may exercise personal jurisdiction over any nonresident individual . . . who in person or through an agent: (1) [t]ransacts any business within the state; (2) commits a tortious act within the state . . . (3) commits a tortious act outside the state causing injury to person or property within the state . . . if such person or agent (A) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (B) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; (4) owns, uses or possesses any real property situated within the state; or (5) uses a computer . . . or a computer network . . . located within the state."
The only provisions of § 52-59b possibly applicable in the present case are (a)(2) and (a)(3). Subsection (a)(1) of § 52-59b is inapplicable because Polk has never personally transacted any business with the state of Connecticut. (Transcript of Hearing on Motion to Dismiss [Transcript], p. 45.) Subsection (a)(4) of § 52-59b is inapplicable because Polk never owned, used or possessed any real property situated within the state of Connecticut. (Transcript, p. 46.) Subsection (a)(5) of § 52-59b is inapplicable because Polk never used a computer or computer network in this state.
A. Fiduciary Shield Doctrine
In his memorandum of law William Polk argues that the court lacks personal jurisdiction over him because he is protected by the fiduciary shield doctrine. He claims that any alleged representations made by him were made in his capacity as a member of SLP. The plaintiffs argue that Polk is not protected by the fiduciary shield doctrine because corporate officials are subject to personal jurisdiction of the court if they commit tortious acts.
"The fiduciary shield doctrine provides that `acts performed by persons in their capacity as corporate fiduciaries cannot form the predicate for the exercise of jurisdiction over them as individuals.'" Weiss v.Friedman, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 94242 (May 22, 1990, Nigro, J.), quoting ThomsonMcKinnon Securities, Inc. v. Hamilton Industries, Inc., 610 F. Sup. 5,7, (S.D.N.Y. 1995). "Where, however, an agent or officer commits or participates in the commission of a tort, whether or not he acts on behalf of his principal or corporation, he is liable to third persons injured thereby." Scribner v. O'Brien, Inc., 169 Conn. 389, 404, 363 A.2d 160
(1975). "It is black letter law that an officer of a corporation who CT Page 16122 commits a tort is personally liable to a victim regardless of whether the corporation itself is liable." Kilduff v. Adams, Inc., 219 Conn. 314,331-32, 593 A.2d 478 (1991).
The fact that William Polk was acting on behalf of SLP when he committed the alleged tort does not shield him from liability on an individual basis, and, thus, is not a basis for claiming lack of personal jurisdiction. Therefore, a cause of action arising from a tort committed by an individual on behalf of a corporation can be the basis for satisfying the requirements of § 52-59b.
B. Personal Jurisdiction under § 52-59b (a)(2)
In his memorandum of law, defendant William Polk argues that the plaintiffs have not alleged facts that establish long-arm jurisdiction over him under § 52-59b (a)(2) because they have not alleged any conduct or tort by him that was "in person" or thru an agent while within Connecticut. The plaintiffs, in their opposition memorandum, argue that § 52-59b (a)(2) is applicable because telephone conversations were initiated by William Polk out of state and received by plaintiff Joseph Zichichi in Connecticut. They further contend that during the course of these telephone conversations, William Polk and John Brady asserted that the financial condition of the company was strong. According to the plaintiffs, William Polk and John Brady also stated that, subsequent to the sale of the assets to SP, SP would obtain a line of credit that would be sufficient to pay off its debt to the plaintiffs. Instead, when SP obtained the line of credit, it used the credit to pay off the debt owed to William Polk's company rather than to pay off its debt to the plaintiffs. Joseph Zichichi claims that these representations made by William Polk and John Brady were made with the knowledge that he would rely and act on them. In addition, John Brady states in his affidavit that William Polk was actively engaged in the negotiations directly with Joseph Zichichi by telephone. (Affidavit of John M. Brady, August 24, 2001, ¶ 9.)
At the short calendar hearing on this motion to dismiss Joseph Zichichi testified that there were two, possibly three, telephone conversations involving himself; John Brady and William Polk. (Transcript, pp. 11-12.) He testified that John Brady initiated these telephone calls from his Connecticut office; that John Brady reached William Polk when making two of the calls, and he believes that William Polk made contact with John Brady when returning one of the three calls. (Transcript. pp. 6-7, 11-12.) The plaintiffs claim that it was during these telephone conversations that William Polk made fraudulent representations as to the solvency of SP. (Transcript. pp. 6-7, 11-12.) CT Page 16123
Section 52-59b (a)(2) authorizes jurisdiction where a tort has been committed in Connecticut. In Knipple v. Viking Communications, Ltd,236 Conn. 602 (1996) our Supreme Court ruled that "[false representations entering Connecticut by wire or mail constitute tortuous conduct in Connecticut under § 33-411 (c)(4)." Id. at 610. Connecticut General Statutes § 33-411 addressed long-arm jurisdiction for foreign corporations.
In Cody v. Ward, 954 F. Sup. 43 (D.Conn. 1997) Judge Chatigny was called upon to decide a jurisdictional challenge to a suit filed against a California resident who by telephone calls and e-mails contacted the plaintiff in Connecticut and who through such contact allegedly transmitted false misrepresentations about particular stock which the plaintiff purchased to his detriment. In Cody Judge Chatigny ruled that the California actor's actual physical presence within Connecticut was not required for jurisdiction over a nonresident under § 52-59b (a) (2). Judge Chatigny stated that his opinion was
 . . . guided by the Connecticut Supreme Court's recent pronouncement in Knipple v. Viking Communications, Ltd., 236 Conn. 602, 610, 674 A.2d 426 (1996), that "[f]alse representations entering Connecticut by wire or mail constitute tortious conduct in Connecticut under § 33-411 (c)(4)," the subsection of the long arm statute applicable to foreign corporations. In support of that unequivocal statement in Knipple, the court cited, among other cases, David v. Weitzman, 677 F. Sup. 95, 98 (D.Conn. 1987), where Judge Cabranes held that transmitting fraudulent misrepresentations into Connecticut by mail and telephone in connection with the sale of a condominium in Florida was conduct "within the state" for purposes of both § 52-59b (a)(2) and § 33-411 (c) (4). The Supreme Court's citation of David indicates that, like Judge Cabranes, it would construe the language of § 52-59b (a)(2) the same way it has now construed the nearly identical language of § 33-411 (c)(4).
 Id. p. 954.
The Court agrees with the above-stated reasoning. Accordingly, this court finds that it does have jurisdiction of defendant William Polk in this case, for there are sufficient allegations and some testimony to the effect that his representations of financial intent and solvency may be considered to have constituted a "tortious act" within the meaning of CT Page 16124 § 52-59b (2). By this ruling this court is not deciding whether defendant William Polk actually committed acts of fraudulent misrepresentation. That determination will be made by the trier of fact. This decision appertains only to the question of long-arm jurisdiction under Conn. Gen. Stat. Sec. 52-59b (a)(2).
For the foregoing reasons, defendant William Polk's motion to dismiss is denied.
Clarance J. Jones, Judge