[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS
On October 5, 2001, the plaintiff, Mark Lauretti, as executor of the estate of the decedent, John Lauretti, Sr., filed a complaint against two defendants, Gencaga Kupuc (Kupuc) and Twin City Fire Insurance Company (Twin City). The plaintiff alleges that Kupuc had negligently operated his vehicle, and this negligence resulted in the death of the decedent. The plaintiff further alleges that Twin City failed and/or refused to compensate the plaintiff under the uninsured/underinsured motorist terms of a policy that Twin City had maintained with the decedent.
On February 15, 2002, Twin City filed a third party complaint against the third party defendant, Apollo Pizza, Inc. (Apollo Pizza), Kupuc's employer. Twin City alleges that Apollo Pizza is vicariously liable for Kupuc's negligence, and Twin City is therefore entitled to indemnification from Apollo Pizza if Twin City is required to pay uninsured motorist benefits to the plaintiff. On February 20, 2000, Apollo Pizza filed a motion to dismiss Twin City's third party complaint, accompanied by a memorandum of law. Apollo Pizza moves to dismiss on the ground that under General Statutes § 38a-336b, the court lacks subject matter jurisdiction over the case.[1] On March 6, 2002, Twin City filed a memorandum in opposition to the motion to dismiss.
"A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622,624, 461 A.2d 991 (1983). "The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter. . . ." (Internal quotation marks omitted.) Sadloski v. Manchester, 235 Conn. 637, 645-46
n. 13, 668 A.2d 1314 (1995). Such motion asserts that "the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "[I]n ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged" in the complaint, including those facts necessarily implied from the allegations, CT Page 9137 construing them in a manner most favorable to the pleader." (Internal quotation marks omitted.) Lawrence Brunoli, Inc. v. Branford,247 Conn. 407, 410-11, 722 A.2d 271 (1999)
"In view of the legislative history and the language of [General Statutes] § 38a-336b . . . it would appear that the legislature eliminated the right of subrogation only for underinsured, not uninsured, motorist claims." Nationwide v. CNA Insurance, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. CV 99 0360226 (February 20, 2001, Melville, J.); see also Westchester FireIns. Co. v. Allstate Ins. Co., 236 Conn. 362, 372-73, 672 A.2d 939 (1996) (holding that an uninsured carrier may be subrogated to. any rights against the party responsible for the loss). The rationale of theWestchester Fire court also permitted a subrogation action against an underinsured tortfeasor. In response to the potential loss or delay of an insured's underinsured-motorist claim, the legislature enacted General Statutes § 38a-336b, thereby eliminating a subrogation action for underinsured motorist benefits, but leaving intact a subrogation action for uninsured motorist benefits. J. Berk M. Jainchill, Connecticut Law of Uninsured and Underinsured Motorist Coverage (2d Ed. 1999) § 10.3, p. 520. "Notwithstanding the abolition of subrogation rights as to underinsured motorists, subrogation still exists as to uninsured motorists." Id., 521. See also Carnein v. Allstate Ins. Co., Superior Court, judicial district of New Britain at New Britain, Docket No. CV 98 0489419 (April 11, 2001, Shapiro, J.) (29 Conn.L.Rptr. 14, 517) (stating that "there is no indication that the right to subrogation in the uninsured context has been affected by P.A. 97-58," § 4 of which is codified at General Statutes § 38a-336b)
In the present case, it is undisputed that the parties are operating within the context of uninsured motorist benefits. Thus, General Statutes § 38a-336b is not applicable to this case. Accordingly, Apollo Pizza's motion to dismiss on the ground that the court lacks subject matter jurisdiction is denied.
The Court
 By ___________________ Moran, J.