[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS (108.00)
The plaintiffs have served an application for prejudgment remedy, upon the defendants. According to the allegations of the unsigned complaint and the affidavit of Kevin McGovern, the principal of plaintiff McGovern Capital, LLC, the plaintiffs invested money in Criterion Investment Capital (CIC) an investment management firm and in Criterion Investment Fund (CIF) a hedge fund. The defendants Ed Papic and Wilder Carnes were principals of CIC and CIF.
The plaintiffs allege that the defendants used the plaintiffs' funds improperly and breached the terms of various subscription agreements, converted funds, violated General Statutes § 52-564 (statutory theft) and committed fraud.
The prejudgment remedy hearing, initially scheduled for September 23, 2002, was continued to October 21, 2002 and then to November 18, 2002. On October 21, 2002, the defendants filed a motion to dismiss. At the November 18, 2002 hearing the plaintiffs requested and received permission to file opposing papers and these were filed on November 26, 2002.
The basis of defendants' motion is that the plaintiffs signed agreements containing arbitration clauses and therefore are precluded from litigating their claims in the court, and the court is without jurisdiction to hear or adjudicate the claims. In opposition, the plaintiffs contend that (1) two of the defendants Papic and Carnes are not parties to any arbitration agreement (2) that a prejudgment remedy is available against the two other defendants, Criterion Investment Capital (CIC) and Criterion Investment Fund (CIF) in any event, and (3) CIC and CIF waived their right to demand arbitration. CT Page 16642
 DISCUSSION
A motion to dismiss tests the court's jurisdiction to hear the case. Practice Book § 10-30; Upson v. State, 190 Conn. 622 (1983). The defendants' motion focuses on the issue of the court's subject matter jurisdiction. They point to the fact that plaintiffs McGovern Capital and Ryan Ross signed the limited partnership agreement of CIF and that plaintiff AFO, Inc. signed a profit sharing agreement involving CIC and both agreements called for arbitration of disputes arising therefrom.
The short answer to defendants' contention is that the mere existence of an agreement to arbitrate does not deprive this court of subject matter jurisdiction over a dispute between the parties to the agreement. By means of Chapter 909 of the General Statutes, in fact, the court is specifically given jurisdiction to enforce arbitration agreements and to enforce, modify or vacate arbitration awards. General Statutes §§52-410, 417, 418 and 419. Similarly, the court is often called upon to interpret and construe the enforceability and scope of such agreements. See Scinto v. Sosin, 51 Conn. App. 222 cert. denied 247 Conn. 963
(1998).
Under the General Statutes the defendants may seek to stay this action on the basis that the plaintiffs' claims are subject to arbitration. However, they must be "ready and willing" to proceed with the arbitration. General Statutes § 52-409. The defendants may also seek to compel arbitration. General Statutes § 52-410. To date they have not commenced an arbitration proceedings, nor have they evinced any intention to do so.
The authority cited by defendants in support of dismissal, Spicer v.Spicer, judicial district of New London at New London, D.N. 523339 (December 29, 1992, Hendel, J.) aff'd 33 Conn. App. 152 (1993) is not persuasive. In that case the court acting upon a application pursuant to General Statutes § 52-410 ordered arbitration and found it had jurisdiction to issue a pendente lite order pursuant to General Statutes § 52-422.
For the reasons stated above, the motion to dismiss is denied.
___________________ ADAMS, J. CT Page 16643