[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS #104
The defendants, Steven Salcedo and Kimberly Salcedo, have brought a motion to dismiss to contest the court's subject matter jurisdiction over an action to foreclose a mechanic's lien arising from the furnishing of labor and materials to the Salcedos, by the plaintiff, Stevenson Lumber Company Suffield, Inc. (Stevenson). The issue to be decided is whether the Salcedos may be estopped from contesting the court's subject matter jurisdiction where service of the intent to claim a mechanic's lien was frustrated by their active evasion of that process.
The plaintiff alleges that in June of 1999, the Salcedos contracted with the defendant, New England Fine Home Building, LLC (Home Building), wherein Stevenson was to renovate or construct a building on the Salcedo's property in Canton, Connecticut. While performing the contract, Home Building purchased in excess of $55,000 in materials from Stevenson. Stevenson began supplying Home Building on June 12, 1999, and discontinued supplying on August 14, 1999. The plaintiff has yet to be paid.
On January 11, 2000, the plaintiff, brought this action to foreclose a CT Page 8634 mechanic's lien it claims against the Salcedo's property. On March 7, 2000, the Salcedo's filed a motion to dismiss on the ground that the mechanic's lien is invalid as it was not served pursuant to General Statutes § 49-35 (a).[1] On April 28, 2000, an evidentiary hearing, pursuant to Standard Tallow v. Jowdy, 190 Conn. 48, 459 A.2d 503
(1983), was conducted to resolve outstanding issues of fact relating to jurisdiction.
The grounds which may be asserted in a motion to dismiss are: "(1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, and (5) insufficiency of service of process." (Internal quotation marks omitted.)Malasky v. Metal Products Corp., 44 Conn. App. 446, 451-52 n. 8,689 A.2d 1145, cert. denied, 241 Conn. 906, 695 A.2d 539 (1997); see also Practice Book § 10-31. "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction."Upson v. State, 190 Conn. 622, 624, 461 A.2d 991 (1983).
The crux of the Salcedo's argument is that the service of the intent to claim a mechanic's lien against them was improper because it was effectuated by registered mail to a post office box in a manner not provided by General Statutes 49-35 (a). The plaintiff contends, however, that the Salcedos evaded attempts at service of the notice of intent to claim a mechanic's lien and therefore should be estopped from contesting the court's jurisdiction based on improper service.
The following facts are pertinent to the disposition of the motion to dismiss. Vincent Messina, a deputy sheriff of New Haven County, attempted to serve a copy of the intent to claim the mechanic's lien at 62 Furman Road in Hamden, Connecticut. At the address he was greeted by an individual, later determined to be Michael Pierce, Kimberly Salcedo's brother, who stated that the defendants did not reside there. Pierce telephoned his sister immediately after his encounter with Messina. Messina went from 62 Furman Road to the tax assessor's office and determined that the Furman Road address was not listed as the Salcedos'. Messina's amended return indicates that on October 13, 1999, he contacted Steven Salcedo at his place of employment, American Spin Systems. Salcedo told Messina that he was constantly on the road between Connecticut and New Jersey and staying with friends and therefore unavailable for service. During that conversation, Salcedo suggested that Messina could make service at post office box 1515 Farmington, Connecticut. Messina complied with the request of Steven Salcedo and sent him the notice of intent to claim a mechanic's lien by registered mail. At the hearing, Messina testified that there had been two attempts at delivery, October 15 and October 20, 1999, and that the notice was returned unclaimed on October 30, 1999. Steven Salcedo, at the hearing, testified that he knew CT Page 8635 he was to get a letter sent to him at the post office box and, generally, the contents of it. The defendant indicated that he never received the notice at the post office box. Steven Salcedo also testified that, when he was on the road between Connecticut and New Jersey, his wife stayed at the 62 Furman Road address where, coincidentally, Messina attempted the original service of the notice.
"Two essential elements must be proved by the party claiming equitable estoppel in order to have the doctrine apply: [T]he party against whom estoppel is claimed must do or say something calculated or intended to induce another party to believe that certain facts exist and to act on that belief and the other party must change its position in reliance on those facts, thereby incurring some injury. Wadia Enterprises, Inc. v.Hirschfeld, 224 Conn. 240, 252 n. 7, 618 A.2d 506 (1992), quotingO'Sullivan v. Bergenty, 214 Conn. 641, 648, 573 A.2d 729 (1990). For estoppel to exist, there must be misleading conduct resulting in prejudice to the other party. John F. Epina Realty, Inc. v. Space Realty,Inc., 194 Conn. 71, 85, 480 A.2d 499 (1984)." (Internal quotation marks omitted.) Lunn v. Tokeneke Assn., Inc., 227 Conn. 601, 607, 630 A.2d 1335
(1993).
There are at least two Connecticut Superior Court cases implicitly holding that a defendant may be equitably estopped from asserting an improper service of process challenge to the court's jurisdiction. InGallop v. Commercial Painting Co., 42 Conn. Sup. 187, 197, 612 A.2d 826
(1992), the plaintiff argued that defendant should be estopped from asserting a statute of limitations defense where plaintiff had attempted service of process based on incorrect information given to the secretary of state concerning the defendant's agent for service of process. The court noted that "There us . . . some authority that estoppel may be invoked where a defendant has suggested service of process at a place where he could not be found and where no other means of service of process existed." Id. 197. The court held, however, that estoppel was not appropriate under the circumstances because the defendant was not evading service and there were alternative means of service provided for under the statute that could have been effectuated prior to the running of the statute of limitations.
In the other case, Shawmut Bank Connecticut, J.A. v. Masterson, Superior Court, judicial district of New Haven at Meriden, Docket No. 242822 (July 14, 1993, Blue, J.), the plaintiff effectuated service of process after the statute of limitations on the action had run. The plaintiff argued that the defendant should be estopped from asserting the statute of limitations defense because the defendant misled the plaintiff as to the proper address. The court found the estoppel argument without merit under the circumstances because the defendant who misled the CT Page 8636 plaintiff was not the defendant who was asserting the statute of limitations defense. The court stated that "there is no allegation that [the defendant] did or said anything that was intended or calculated to induce the plaintiff into believing the existence of certain facts and to act on that belief. . . ." Id.
The Salcedos, in the present case, go further than the defendants inGallop and Shawmut Bank. The Salcedos, by their actions, made it clear that they were unavailable for service regardless of the method used or the time remaining for proper service. Furthermore, Steven Salcedo made affirmative representations to the plaintiff regarding his availability for service, which caused the plaintiff to act in reliance on those statements.
The defendant told Sheriff Messina that he was not living at any particular place and that he was staying with friends. Furthermore, the defendant told the plaintiff that he was often on the road between Connecticut and New Jersey and that he would be unavailable for service. Steven Salcedo testified that when he was on the road his wife stayed at her parent's address, the same address where Messina originally tried to serve the defendants and was rebuffed. Moreover, after telling Messina to send the notice to the post office box, the Salcedo's never collected the notice. These actions, considered as a whole, along with Steven Salcedo's suggestion that Messina send the notice to the post office box, demonstrate that the defendants were evading service of the notice of intent to claim a mechanic's lien and therefore should be estopped from contesting subject matter jurisdiction on the grounds of improper service. Accordingly, the motion to dismiss is denied.
Hennessey, J.