[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
RE: DEFENDANT'S MOTION TO DISMISS
On June 21, 2001, the plaintiff, William Lawrence, filed a two count complaint alleging legal malpractice and detrimental reliance against the defendant, Douglas J. Lewis. This cause of action stems from the following facts. On March 18, 1996, the plaintiff's mother, M. Louise Mancusi, passed away leaving a piece of real estate that was devised as follows: fifty percent to the plaintiff, twenty-five percent to the plaintiff's sister, Nancy Corning, and the remaining twenty-five percent to the plaintiff's other sister, Judith Schmus. The plaintiff alleges in the first count that the defendant, who represented the plaintiff's sister, Nancy Corning, at the Probate Court proceeding, induced the plaintiff "to sign a contract for the sale of any interest that he may have had in the property . . . to Nancy Corning, by representing said contracts would not be binding." (Plaintiff's Complaint, Count One, ¶ 4.) The plaintiff further alleges that the defendant induced the plaintiff "to sign a blank quit claim deed for the sale of any interest that the Plaintiff . . . may have had in the property . . . to Nancy Corning, by representing said blank quit claim deed would be held in escrow . . . and would not be released without the permission of the Plaintiff" (Plaintiff's Complaint, Count One, ¶ 5.) According to the plaintiff's complaint, the defendant filled in the deed, removed it from escrow and recorded it with the Town of Bethel. (Plaintiff's Complaint, Count One, ¶ 7.) The plaintiff alleges in count two that he relied, to his detriment, on the statements of the defendant. (Plaintiff's Complaint, Count Two, ¶ 11.) CT Page 15143
On July 12, 2001, pursuant to Practice Book § 10-31(a)(1), the defendant filed a motion to dismiss the plaintiff's action on the ground that the court lacks subject matter jurisdiction over this action. The defendant argues that the present case is, in fact, an untimely appeal from the Probate Court order dated March 29, 2000. (Memorandum in Support, Exhibit A.)[1] As required by Practice Book § 10-31(a), the defendant filed a memorandum of law in support of his motion to dismiss. On July 24, 2001, pursuant to Practice Book § 10-31(b), the plaintiff filed a memorandum in opposition arguing that the defendant is really making a resjudicata claim and that a motion to dismiss cannot be used to determine whether a claim is barred by the doctrine of res judicata.
A motion to dismiss "properly attacks the jurisdiction of the court." (Internal quotation marks omitted.) Ferreira v. Pringle, 255 Conn. 330,346, 766 A.2d 409 (2001). The motion to dismiss is used to assert "that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v.State, 190 Conn. 622, 624, 461 A.2d 991 (1983). "The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter. . . ." (Internal quotation marks omitted.) Sadloski v.Manchester, 235 Conn. 637, 645 n. 13, 668 A.2d 1314 (1995).
"Jurisdiction of the subject-matter is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong." (Internal quotation marks omitted.) Federal DepositIns. Corp. v. Crystal, 251 Conn. 748, 763, 741 A.2d 956 (1999). "[A] claim that [the] court lacks subject matter jurisdiction [may be raised] at any time." (Internal quotation marks omitted.) Dowling v. Slotnik,244 Conn. 781, 787, 712 A.2d 396, cert. denied, 525 U.S. 1017,119 S.Ct. 542,142 L.Ed.2d 451 (1998). "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case." (Internal quotation marks omitted.) CommunityCollaborative of Bridgeport, Inc. v. Ganim, 241 Conn. 546, 552,698 A.2d 245 (1997).
The defendant argues that the plaintiff is essentially appealing the Probate Court order issued by Judge O'Grady. He further asserts that the plaintiff is "looking to reopen the issue of what interest he has, if any, in his Mother's Estate." (Memorandum in Support, p. 7.) The defendant argues that this is the plaintiff's fifth attempt to determine whether he has any interest in the property and that the plaintiff is CT Page 15144 attempting to circumvent the statutory requirement that probate appeals be brought within thirty days of issuance of the Probate Court order. General Statutes § 45a-187. The plaintiff counters by claiming that the defendant's argument is essentially a res judicata claim, which cannot be decided by a motion to dismiss.[2] He further claims that the determination by the Probate Court had nothing to do with the legal malpractice and detrimental reliance claims he now brings against the defendant and that the Probate Court does not have the power to hear this type of claim.
The court finds that this is not an appeal from the Probate Court proceeding. The plaintiff is bringing a direct action alleging legal malpractice and detrimental reliance against the defendant. The court is competent to entertain this action, and it does not lack subject matter jurisdiction in this case. Accordingly, the defendant's motion to dismiss is denied.
White, J.