[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTIONS TO DISMISS (#107, 111, 116 117)
The issue before the court is whether to grant the respondents' motions to dismiss the petitioner's verified petition for a bill of discovery. For the reasons discussed below, the motions to dismiss are denied
The petitioner, the Autobody Association of Connecticut, Inc.(ABAC), filed a verified petition for a bill of discovery on September 17, 2001, CT Page 2848 against six respondents: Southwest Appraisal Group; Duhamel and Duhamel (Duhamel); Hutchins Associates (Hutchins); Complete Appraisal Service, LLC (Complete); Property Damage Appraisers; and MDC Statewide Appraisal (MDC).[1] ABAC claims that it has a valid claim against the respondents under General Statutes § 38a-815 et. seq., the Connecticut Unfair Insurance Practices Act (CUIPA), but contends that it lacks the factual predicate on which to base a cause of action against the named respondents. Accordingly, in its petition for a bill of discovery, ABAC seeks production of various documents, as well as judicial authorization to take the sworn depositions of all of the respondents before filing its claim.
On October 29, 2001, Complete filed its motion to dismiss the petition. Duhamel, MDC and Hutchins filed their motions to dismiss on November 5, November 21, and November 23, 2001, respectively. MDC asserts that the court lacks personal jurisdiction over it. All the respondents assert that the court lacks subject matter jurisdiction over ABAC's petition for a bill of discovery.
 DISCUSSION
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurlacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. " Upson v. State, 190 Conn. 622, 624, 461 A.2d 991
(1983). "In ruling upon whether a [pleading] survives a motion to dismiss, a court must take the facts to be those alleged in the [pleading], including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader."Pamela B. v. Ment, 244 Conn. 296, 308, 709 A.2d 1089 (1998). "Where, however, as here, the motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue and need not conclusively presume the validity of the allegations of the complaint." Barde v. Boardof Trustees, 207 Conn. 59, 62, 539 A.2d 1000 (1988).
"The bill of discovery is an independent action in equity for discovery, and is designed to obtain evidence for use in an action other than the one in which discovery is sought. . . . As a power to enforce discovery, the bill is within the inherent power of a court of equity that has been a procedural tool in use for centuries. . . . The bill is well recognized and may be entertained notwithstanding the statutes and rules of court relative to discovery . . . Furthermore, because a pure CT Page 2849 bill of discovery is favored in equity, it should be granted unless there is some well rounded objection against the exercise of the court's discretion. " (Citations omitted; internal quotation marks omitted.)Berger v. Cuomo, 230 Conn. 1, 5-6, 644 A.2d 333 (1994).
MDC moves to dismiss ABAC's bill of discovery on the grounds that it was improperly served. MDC notes that it is a domestic corporation and that the marshal's return indicates that he served MDC pursuant to General Statutes § 33-929, the statute that applies to foreign corporations.
In the original marshal's return, dated October 1, 2001, Donald W. Mattice, state marshal in Fairfield County, states that he made service to MDC pursuant to General Statutes § 33-929 by certified mail, return receipt requested. MDC is correct that the original return does not supply the court a basis to find sufficient service on it because the marshal claims he made service under § 33-929, which applies to foreign corporations. MDC provides an affidavit from Nicholas J. Fazzino, its operating manager and registered agent for service in which he attests that MDC is a domestic corporation. (MDC's Memorandum, Fazzino Affidavit, ¶ 4.) Therefore, § 33-929 does not apply, and service made under it to MDC is insufficient.
MDC also argues that it was not properly served under General Statutes § 52-57. The petitioner responds that service was proper under §33-663, pursuant to the amended marshal's return. On December 10, 2001, ABAC filed a motion that included, inter alia, a motion to amend the return. ABAC attached an amended return, wherein the marshal states that he attempted service on MDC at 696 Ridge Road, Middletown, Connecticut, "with reasonable diligence", "pursuant to C.G.S. § 33-663", but that service could not be completed at that time "because of inability to verify identity of the occupant of the building." (Petitioner's Memorandum, Exhibit A.) The petitioner provided evidence that this is Fazzino's home address, according to the Insurance Department of the State of Connecticut. (Petitioner's Memorandum, Exhibits B-1, B-2.) The marshal states that he then sent the verified petition for a bill of discovery addressed to MDC's Corporate Secretary, P.O. Box 2425, 696 Ridge Road, Middletown, Connecticut, through the United States Postal Service, certified mail, return receipt requested. The signed receipt was returned to the marshal November 23, 2001. (Petitioner's Memorandum, Exhibits C-1, C-2.)
Both General Statutes §§ 52-57 and 33-663 govern the service of process on private corporations. General Statutes § 52-57 states, in pertinent part, "(a) Except as otherwise provided, process in any civil action shall be served by leaving a true and attested copy of it, CT Page 2850 including the declaration or complaint, with the defendant, or at his usual place of abode, in this state. . . . (c) In actions against a private corporation, service of process shall be made either upon the president . . . [or other specified agent] resident in this state, or the person in charge of the business of the corporation or upon any person who is at the time of service in charge of the office of the corporation or upon any person who is at the time of service in charge of the office of the corporation in the town in which its principal place of business is located . . . General Statutes § 33-663 states, in pertinent part, "(a) Service [on a corporation] may be effected by any proper officer or other person lawfully empowered to make service by leaving a true and attested copy of the process, notice, or demand with [the] agent or, in the case of an agent who is a natural person, by leaving it at the agent's usual place of abode in this state. (b) If . . . the agent cannot with reasonable diligence be served, the corporation may be served by any proper officer or person lawfully empowered to make service by sending a true and attested copy of the process, notice or demand by registered or certified mail addressed to the secretary of the corporation at its principal office."
Accordingly, when an agent for service is designated, if the marshal has used reasonable diligence to serve the agent in hand or by abode service, but has been unable to do so, the corporation may be served under § 33-663 by certified letter, return receipt requested. HarrisMemorial Church v. Bridgeport Redevelopment Agency, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 370421 (December 21, 2000, Moran, J.) In this case, Mr. Fazzino's affidavit establishes that he is listed as MDC's agent for service. Therefore, under §33-663, ABAC has established that the marshal made reasonable efforts to establish the whereabouts of Fazzino before resorting to alternate service through the mail.
In Harris Memorial Church v. Bridgeport Redevelopment Agency, supra., the marshal's return indicated that he was unable to locate any of the enumerated officers of a church that was a domestic corporation because the church was boarded up and it had moved to a different location. Because the church had not designated an agent for service, the marshal mailed the process, via registered mail, return receipt requested, to the church's address. The court found that service of process was adequate under § 33-663.
In this case, the marshal's actions in going to Fazzino's address and attempting to identify the occupant in order to serve Fazzino in hand or by abode service before resorting to the alternate form of service by mail constitutes reasonable diligence under the statute. Therefore, MDC's motion to dismiss on the ground of lack of personal jurisdiction is CT Page 2851 denied.
MDC, Complete, Duhamel and Hutchins also argue that the court lacks subject matter jurisdiction over ABAC's petition because ABAC lacks standing to bring the petition.[2] Specifically, the respondents contend that ABAC lacks associational standing because the individual members of the association lack standing to sue in their own right. In addition, respondents also contend that the relief requested by ABAC may negate standing because it would require the participation of the individual members of the association.
"[S]tanding . . . implicates a court's subject matter jurisdiction, which maybe raised at any point in judicial proceedings." StamfordHospital v. Vega, 236 Conn. 646, 656, 674 A.2d 821 (1996). "The plaintiff bears the burden of proving subject matter jurisdiction, whenever and however raised." Fink v. Goldenbock, 238 Conn. 183, 199, n. 13,680 A.2d 1243 (1996). In order for ABAC to have proper standing as a trade association bringing suit on behalf of its members, it must show that: "(a) its members would otherwise have standing to sue in their own right; (b) interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit". Connecticut Associated Builders Contractors v. Hartford,251 Conn. 169, 185, 740 A.2d 813 (1999), citing to Hunt v. WashingtonState Apple Advertising Commission, 432 U.S. 333, 343, 97 S.Ct. 2434,53 L.Ed.2d 383 (1977).
The only cause of action ABAC expressly sets forth is that the respondents have violated CUIPA. In Mead v. Burns, 199 Conn. 651, 663,509 A.2d 11 (1986), the court held that a violation of CUIPA may be actionable as an unfair trade practice under the Connecticut Unfair Trade Practices Act (CUTPA). See also Lees v. Middlesex Ins. Co. 229 Conn. 842,850-851, 643 A.2d 1282 (1994) (holding that a plaintiff may bring a private cause of action under CUTPA for a violation of CUIPA).
ABAC alleges that the respondents have engaged in the acts which violate CUIPA with such frequency as to indicate a general business practice. These allegations are sufficient to allege a private cause of action under CUTPA for a violation of CUIPA. Mead v. Burns, supra, 660 (to allege a cause of action under CUTPA for a violation of CUIPA, plaintiff must allege a "general business practice"). See also Skakel v.Benedict, 54 Conn. App. 663, 684, 738 A.2d 170 (1999) (explicit citation to a statute as the basis of a cause of action is not necessary as long as both the court and adversary understand the basis of the claim.) Therefore, the petitioners have alleged a valid cause of action under CUTPA for a violation of CUIPA, and have met the first test for CT Page 2852 associational standing.
As to the second requirement, the stated purposes of ABAC are to help establish standards in the autobody repair business that will be in the best interest of the motoring public; to improve the economic welfare of its members and the industry; to discourage unfair, non-competitive trade practices; and to protect its members and the public against unfair trade practices. Because the stated goals of the association relate to unfair trade practices, as do both CUTPA and CUIPA, the petitioner's cause of action is germane to their goals as an organization. Therefore, ABAC satisfies the second requirement of the test of associational standing because the interests ABAC seeks to protect are germane to its organizational purpose.
As to the final requirement, the question of whether the participation of the individual members of the association are required in this case depends on the type of damages the petitioner seeks in its claim against the respondents. At present, the only relief ABAC seeks is discovery. Individual members of ABAC would not have to take part in the depositions of witnesses or the gathering of documents, and therefore, would have no part to play in the relief sought. Because ABAC requests relief which does not require the participation of its individual members, the third requirement for associational standing is met. Therefore, ABAC has standing and the court has jurisdiction over their petition. The respondent's motions to dismiss based on this ground are denied
Because the court has personal jurisdiction over MDC and subject matter jurisdiction over the verified petition for a bill of discovery, the respondent's motions to dismiss are denied
GALLAGHER, J.